## BYRON vs. THE NEW YORK STATE PRINTING TELEGRAPH CO.

Where a servant of a telegraph company, in consequence of a defect in a telegraph pole, is injured by a fall therefrom while engaged in the duties of his employment, upon the pole, the company is liable for damages, upon a complaint alleging negligence and unskillfulness in the defendants in providing and using an insufficient and unsound pole, and in not having and using pike-poles and other guards and securities; although *knowledge* in the company, of the defect in the pole, is not expressly alleged.

In such a case the allegation of negligence would be sustained by proving the danger arising from the defect in the pole, and that it was known to the defendants.

APPEAL from an order made at a special term, overruling a demurrer to the complaint. The complaint stated " That the defendants, at and before the time of committing the grievances hereinafter mentioned, were the owners of a certain telegraph line, extending along the eastern bank of the Hudson river, and partly between the cities of Hudson and Poughkeepsie, in the state of New York ; and that the plaintiff was, on the 21st day of April, 1855, in the employ of the defendants, and it was the duty and employment of the plaintiff to climb up on to the telegraph poles, which sustained the wires, insulators and other fixtures of the said telegraph line, and to fix, alter and regulate the same, and it then and there became and was the duty of the defendants to provide, use and keep good, sufficient and safe telegraph poles, and from time to time to renew the same, and also to have and use pike-poles and other guards and securities for testing the strength and safety of said poles.  Yet the defendants, not regarding their duty, conducted themselves so carelessly, negligently and unskillfully in this behalf, that by and through the carelessness, negligence, unskillfulness and default of the defendants and their servants, in providing, using and suffering to be used a bad, insufficient, unsound and unsafe telegraph pole, and for want of due care and attention to their duty in that behalf ; and for not having and using pike-poles and other guards and securities ; and upon the day aforesaid, and

at a place one and a half miles south of the city of Hudson aforesaid, and while the plaintiff in discharge of his employ and duty aforesaid, was fastened at or near the top of one of the aforesaid telegraph poles, and was busied in regulating the wire and insulator thereof, the said telegraph pole to which the plaintiff was fastened, by reason of the unsafeness, defectiveness, and insecurity thereof, and from a defect therein, not visible to the plaintiff, broke off, and fell with the plaintiff so fastened thereto as aforesaid, on to the ground and a ledge of rocks, a distance of twenty-five or thirty feet. By means whereof the plaintiff was greatly hurt, disabled and made sick, and has ever since continued so sick and disabled, and has expended large sums of money for medical services and medicines, and for the support of himself and family, and has been thrown out of all employment by reason of his aforesaid injuries, and will never again be a sound man, or capable of earning a support for himself and family."

Wherefore the plaintiff demanded judgment, against the defendants, for the sum of five thousand dollars, besides costs. General demurrer.

The following opinion was delivered by the justice before whom the demurrer was argued at special term; which was adopted by the court at general term, as expressing its views.

*C. A. Griffin,* for the plaintiff.

*C. H. Clark,* for the defendants.

*By the Court,* MITCHELL, P. J. In *Keegan* v. *The Western Rail Road Company,* (4 *Seld.* 175,) the complaint is very similar to this, and judgment for the plaintiff was affirmed. Admitted knowledge in the defendants, of the defect in the engine, was not expressly stated there, but proof of such knowledge was received, under a complaint alleging negligence in the defendants. If that complaint had been defective, judgment upon it should not have been affirmed. It is true,

the point was not raised, whether, under such a complaint, proof of knowledge by the defendants, of the defect in the engine, could be given. But the counsel for the company would hardly have omitted such a point, if they had deemed it tenable.

In this case the allegation of negligence would be sustained by proving the danger from the defect in the pole, in this case, and that it was known to the defendants. For this reason, the demurrer should be overruled, with leave to the defendants to amend, on payment of costs of the demurrer.

Order affirmed.

[NEW YORK GENERAL TERM, November 2, 1857. *Mitchell, Roosevelt* and *Peabody*, Justices.]