## Case No. 7,874.

KNARESBOROUGH v. BELCHER SILVER MIN. CO.

[3 Sawy. 446; 1 N. Y. Wkly. Dig. 355; 23 Pittsb. Leg. J. (6 U. S.) 50; 2 Cent. Law J. 707; 1 Law & Eq. Rep. 15.] [1]

Circuit Court, D. Nevada. Sept. 20, 1875.

PLEADING IN SUITS FOR PERSONAL INJURIES—NEGLIGENCE.

1. In a suit to recover damages for injuries caused by a defective platform, it was alleged that the defendant provided the platform negligently, without any averment either that plaintiff was ignorant of the defect, or that it was known to defendant: Held, that the complaint was sufficient, and that knowledge on the part of plaintiff was a circumstance to convict him of concurring negligence, and proof of it should come from the defendant.

[Cited in Conroy v. Oregon Construction Co., 23 Fed. 72.]

[Cited in Hoffman v. Dickinson (W. Va.) 6 S. E. 55.]

2. Knowledge on the part of defendant is an ingredient of negligence, and may be proved under the general allegation of negligence.

[Cited in Watkinds v. Southern Pac. R. Co., 38 Fed. 713.]

[Cited in Hoffman v. Dickinson (W. Va.) 6 S. E. 55.]

The plaintiff [J. P. Knaresborough] sues for injuries received while in defendant's employment. The injuries were caused by a defective floor or platform upon which he was at work, and it is alleged in the complaint that the defendant provided this insecure and defective platform negligently. There is no allegation in the complaint that the plaintiff did not know, or that the defendant did know, that the floor was defective and insecure. To this complaint a demurrer is filed for two causes: First. For the want of an allegation of knowledge on the part of defendant, and a want of it on plaintiff's part that the floor was defective. And, second, because the injury, if any, resulted from the negligence of plaintiff's fellow-servants.

Lindsay & Dickson, for plaintiff.
Whitman & Wood, for defendant.

Before FIELD, Circuit Justice, and HILLYER, District Judge.

BY THE COURT (HILLYER, District Judge). That the plaintiff is not, in making out his case, required to show a want of concurring negligence on his part, is settled by the supreme court in Railroad Co. v. Gladmon, 15 Wall. [82 U. S.] 401. The court there say: "The plaintiff may establish the negligence of the defendant, his own injury in consequence thereof, and his case is made out. If there are circumstances which convict him of concurring negligence, the defendant must prove them, and thus defeat the action. Irrespective of statute law, the burden of proof on that point does not rest

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 1 Law & Eq. Rep. 15, contains only a partial report.]

upon the plaintiff." Knowledge on the part of plaintiff that the platform was defective and unsafe is clearly a circumstance tending to convict him of concurring negligence, the proof of which, upon the authority cited, rests upon the defendant. It was therefore unnecessary to allege a want of knowledge on his part.

As to the want of an averment of knowledge on defendant's part, if such knowledge is a fact, without proof of which the plaintiff cannot establish the charge of negligence, then it should be averred. If, however, the defendant may be convicted of negligence, though ignorant of the defects in the platform, then the complaint is sufficient, and the question of defendant's knowledge, or want of it, is important as a matter of evidence only, in proof of the essential fact, which is the negligence.

That the latter proposition is the true one, appears both by the weight of authority and reason. In cases like the present, knowledge is regarded as an ingredient of negligence, which may be proved under an allegation of negligence. It was so held upon demurrer, in Byron v. Telegraph Co., 26 Barb. 39. If a master's personal knowledge of defects in his machinery is necessary to his liability, says Mr. Justice Byles, the more a master neglects his business and abandons it to others, the less will he be liable. * * * But knowledge is only an ingredient in negligence. Clarke v. Holmes, 7 Hurl. & N. 937. Knowledge is only a fact in the case, to be considered by the jury with the other circumstances in determining on the one hand whether the defendant has been guilty of negligence, and on the other whether the plaintiff has been guilty of contributory negligence. But in neither case is such knowledge necessarily conclusive on the point. Id., and Willkms v. Clough, 3 Hurl. & N. 258. To the same effect is the case of Ford v. Fitchburg R. Co., 110 Mass. 240. Speaking of knowledge on defendant's part, the court said: "The question was not whether the officers named knew, or might have known, of the defect, or of the incompetency of those who had charge of the repairs, but whether the corporation in any part of its organization, by any of its agents, or for want of agents, failed to exercise due care to prevent injury to the plaintiff from defects in the instrument furnished for his use." Upon this point we think the demurrer is not well taken.

The second cause of demurrer alleged is, that the injury, if any, resulted from the negligence of plaintiff's fellow-servants. In the case of Kielley against the same defendant [Case No. 7,760], this point was discussed at some length at this term, and the conclusion reached that the doctrine contended for by the defendant was not law. It was this: That the defendant, being a corporation, and unable to act otherwise than by means of servants, all persons employed by it in the same general business must necessarily be fellow-servants, within the rule exempting the master from liability for the negligence of one servant to another. It is unnecessary to discuss the point in this case, or do more than refer to what was said by the court in Kielley's Case. The demurrer is overruled.