## CONROY *v.* OREGON CONSTRUCTION Co.

*(Circuit Court, D. Oregon. March 6, 1885.)*

1. CONTRIBUTORY NEGLIGENCE.
   What is known as "contributory negligence" is a defense; and therefore, in an action by a servant against his master, to recover damages for an injury to the person, sustained while in the employment of the latter, the plaintiff need not allege that his own negligence did not contribute to the result.

2. "ON OR ABOUT" A CERTAIN DAY.
   In an action for an injury to the person, arising from the negligence of the defendant, it was alleged in the complaint that the injury occurred "on or about" a certain day. *Held,* that this was not a statement of any distinct day or time, and therefore it did not appear from the complaint that the action was barred by lapse of time; and such defense, if made at all, must be made by answer.

3. TIME IN PLEADING.
   When time is not an essential element of the cause of action, under the Code, a demurrer will not lie to a complaint for want of a date to a material fact alleged therein, but the remedy for such omission is a motion to make more definite and certain in this respect; and if it appears on the face of such amended complaint that the action is barred by lapse of time, the defense may be made by demurrer.

Action for Damages for Injury to the Person.

*C. E. S. Wood,* for plaintiff.

*George H. Williams* and *George H. Durham,* for defendant.

DEADY, J. This action is brought by the plaintiff, a citizen of California, against the defendant, a corporation formed under the laws of Oregon, to recover $50,000 damages, for injuries to his person sustained while in the employ of the defendant. The action was commenced on November 12, 1884. The complaint alleges that "on or about" November 13, 1882, the plaintiff, while in the employ of the defendant as foreman of a gang of Chinese laborers, engaged in the construction of the railway known as the "Oregon Short Line," near Meacham's station, in this state, was ordered by George Gray, a person in the immediate charge of the business for the defendant, "to fire certain blasts;" that in so doing he "exercised all possible skill and precaution," but, nevertheless, the said blast exploded pre-

maturely, and caused great injury to the plaintiff, including the loss of his sight; and that the cause of said explosion "was the defective and faulty fuse supplied to the plaintiff by the defendant," of which the latter had notice. The defendant demurs, for that (1) it appears the action is barred by lapse of time; and (2) the complaint does not state facts sufficient to constitute a cause of action.

On the argument, the only point made in support of the second cause of demurrer was that it did not appear from the complaint that the plaintiff was aware of the defect in the fuse; and therefore it does not appear but that his own negligence contributed to his injury. But the allegation in the complaint, that the plaintiff used "all possible skill and precaution" in firing the blast in question, is equivalent to an allegation that he was not guilty of any negligence in the premises. And if knowledge of the faulty condition of the fuse would, under the circumstances, make his conduct negligent, an averment that he acted prudently, or not negligently, is equivalent to a denial of such knowledge. But I do not think it necessary for the complaint to contain any allegation on the subject. The law does not presume that any one is negligent; especially when such negligence may or will result in his own personal injury. True, if it appears on the trial, whether from the evidence of the plaintiff or defendant, or both, that the former was guilty of "contributory negligence," as it is called, he cannot recover. But he is neither bound to allege nor prove that he was not guilty of such negligence, in order to make out a case against the defendant. It is matter of defense; and if the defendant would avail himself of it, he must allege and prove it.

So much upon principle; but on authority the rule is unsettled in the state courts. In Thomp. Neg. 1176, it is stated that 18 of the states of this Union are nearly evenly divided on the question whether "contributory negligence" is a part of the plaintiff's case or a matter of defense; while in New York and other states the decisions are irreconcilable. But the learned author, speaking for himself, says (1175) that such negligence is properly a matter of defense. Since the publication of this work the supreme court of this state appears to have decided that it is a part of the plaintiff's case; at least, there is a *dictum* to that effect in *Walsh* v. *Oregon Ry. & Nav. Co.* 10 Or. 253. But the decisions of the national courts, including the supreme one, are otherwise, and that is sufficient to control the action of this court.

In *Knaresborough* v. *Belcher S. Min. Co.* 3 Sawy. 446, it was held that a complaint which only alleged that the plaintiff sustained an injury from a defective platform negligently provided by the defendant was sufficient, and that knowledge of such defect on the part of the plaintiff, as evidencing contributory negligence, must be shown by the defendant. In *Holmes* v. *Oregon & C. Ry. Co.* 6 Sawy. 289, S. C. 5 Fed. Rep. 523, this court held that contributory negligence is a defense, the burden of proof to establish which is on the defendant; at the same time saying: "Any other rule than this violates all the anal-

ogies of the law, and is practically illogical and unjust." In *Railroad Co.* v. *Gladmon*, 15 Wall. 401, the supreme court decided that want of care on the part of the plaintiff, or what is termed "contributory negligence," is a defense.

The first ground of demurrer is based on subdivision 7 of section 66 of the Code of Civil Procedure, which permits a demurrer to the complaint when it appears therefrom that the action has not been commenced within the time limited by law. According to the complaint, the injury was sustained by the plaintiff, and the right of action therefor accrued, "on or about" November 13, 1882; and the action was commenced on November 12, 1884. The action was barred (Code Civil Proc. § 8) within two years from the time the right to sue accrued; and if the allegation that the injury was received "on or about" the 13th, is equivalent to an averment that it did occur on the 13th, the action was commenced in time. But an averment that a fact occurred "on or about" a certain day, is not an averment that it occurred on any distinct day or time. The actual day or time may be either before or after the one stated with an "on or about." In short, the averment amounts to nothing, so far as time is concerned. *U. S.* v. *Winslow*, 3 Sawy. 342. This being so, it does not appear on the face of the complaint when the right of action accrued, and therefore it cannot be said that the action was not commenced in time, and a demurrer for that cause will not lie.

At common law the rule was that every material fact in the declaration should be stated with a distinct averment of time and place. 1 Chit. Pl. 287, 288. And there is no reason why this rule should not be applied to the statement of a fact in a complaint under the Code of Civil Procedure. The latter (section 66, sub. 2) requires the facts constituting the cause of action to be concisely and intelligibly stated. But the time and place when and where each of such facts occurred, though proper and convenient to be alleged, as a matter of form, are not absolutely necessary to a sufficient statement of a cause of action, unless where time is a material element thereof, or the action is local.

The time when the plaintiff received this injury is not a matter of substance necessary to a sufficient statement of the cause of action, of which such injury or fact is a part, but rather an incident or qualification of the same. The statement of the fact of the injury, without the day it occurred, is so far a sufficient statement of a cause of action, and the complaint would support a verdict and judgment thereon. At common law, the omission to state the day in such a case could only be taken advantage of, as a matter of form, by a special demurrer; at least, after the statute of 27 Elizabeth. Gould, Pl. 468. And for this remedy the Code of Civil Proc. § 84, has substituted the motion to make more definite and certain. See *People* v. *Ryder*, 12 N. Y. 433, 439.

It follows that, if the defendant wants to make the defense of the

statute of limitations in this case, he must plead it in his answer; and this is the better way; or he may move to make the complaint more definite and certain in respect to the date when the injury occurred, and if it then appears that the action is barred by the lapse of time, he may make the defense by demurrer to the amended complaint.