WATKINDS *v.* SOUTHERN PAC. R. Co.

*(District Court, D. Oregon. May 15, 1889.)*

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PLEADING.

   Contributory negligence is a defense which necessarily implies negligence on the part of the defendant, and is therefore a plea of confession and avoidance.

2. SAME.

   A statement in an answer purporting to be a defense of contributory negligence to an action for damages for an injury to the person, which only de-

nies that the injury was caused by the negligence of the defendant, and alleges that it was "wholly" caused by the negligence of the plaintiff, is not such a defense, but only a denial of the negligence of the defendant, and needs no reply.

3. SAME.

Where the plaintiff alleges in his complaint that the injury which is the subject of the action was not caused by any fault or negligence on his part, and the defendant, instead of moving to strike out the allegation, specifically denies the same, an issue is formed on the question of contributory negligence, and no further pleading is necessary thereabout.

4. SAME—MOTION FOR JUDGMENT ON PLEADINGS.

A motion for a judgment on the pleadings will not be allowed, under section 78, Comp. 1887, unless the defense is admitted by the failure to reply thereto, and the matter contained therein is not otherwise contested or put in issue in the pleadings, and is sufficient to justify the judgment.

(*Syllabus by the Court.*)

At Law. On motion for judgment on the pleadings.

*John M. Gearin*, for plaintiff.

*Earl C. Bronaugh*, for defendant.

DEADY, J. This action is brought to recover damages for an injury to the person of the plaintiff, alleged to have been caused by the negligence of the defendant in failing to keep a light on the way or approach to its railway station at Lebanon, Linn county, Or.

The action was brought in the state circuit court for said county, and removed here by the defendant, a corporation formed under the laws of Kentucky, the plaintiff being a citizen of Oregon.

In his complaint the plaintiff alleges that the injury occurred "through no fault or negligence" of his.

In its answer the defendant "denies that through no fault or negligence of plaintiff" he was injured, as alleged in the complaint.

The answer also contains a statement erroneously styled "a further and separate defense," in which it is alleged that the defendant used due care and diligence in the matter complained of, and that the alleged injury to the plaintiff was not caused by any negligence on the part of the defendant, but was "wholly owing to the negligence and fault of the plaintiff himself."

No reply having been filed to this so-called "defense," the defendant moves the court for "judgment against the plaintiff on the pleadings, and for want of a reply, and for costs and disbursements."

The motion was first made without notice to the adverse party, but the court refused to hear it until due notice of the same was given, which was done. It is made under section 78, Compilation 1887, which provides that "if the answer contain a statement of new matter, constituting a defense, and the plaintiff fails to reply thereto, the defendant may move the court for such judgment as he is entitled to on the pleadings."

The motion assumes that this answer contains "new matter," constituting the defense of contributory negligence.

Contributory negligence is a defense to this action, but it is only a defense. And therefore the plaintiff need not allege nor prove that he was without fault in the premises. *Railway Co. v. Gladmon*, 15 Wall. 401;

*Knaresborough* v. *Mining Co.*, 3 Sawy. 446; *Holmes* v. *Railway Co.*, 6 Sawy. 289; *Conroy* v. *Construction Co.*, 10 Sawy. 630, 23 Fed. Rep. 71; *Grant* v. *Baker*, 12 Or. 329, 7 Pac. Rep. 318; *Ford* v. *Umatilla Co.*, 15 Or. 313, 16 Pac. Rep. 33.

But the plaintiff having chosen to allege in his complaint that the injury occurred without fault or negligence on his part, and the defendant having chosen to meet this allegation with a specific denial of the same, there is an issue of fact formed on this question which must be tried as such before a judgment can be given in the case.

The statute in authorizing a judgment on the pleadings in case no reply is made to a defense, presupposes that the facts constituting such defense are not elsewhere stated or put in issue in the pleadings; in short, that they are "new matter."

Admitting, then, for the sake of the argument, that the defense of contributory negligence is well pleaded, and uncontroverted by a reply, still the same matter is put at issue by an allegation of the complaint, and a denial of the answer.

The court cannot give judgment for the defendant on the pleadings, unless, when taken as a whole, the fact or facts necessary to the support of such a judgment are thereby admitted.

True, the defendant contends that the fact of contributory negligence, as alleged in this defense, is admitted, because no reply has been filed thereto. But the plaintiff had already alleged that he was not guilty of contributory negligence, and the defendant, by denying the same, took issue with him thereon. An issue having been reached on this question between an allegation of the complaint and a denial of the answer, there is no necessity for any further pleading thereabout.

I know it may be said that this allegation, not being necessary to the statement of the plaintiff's case, is immaterial, and the issue taken upon it is so likewise. But it anticipates and controverts a possible defense to the action; and the defendant having accepted the controversy in this form by taking issue on the allegation, I do not think it can be heard to say the issue is an immaterial one, and ought on this motion to be disregarded.

But this defense is not a good plea of contributory negligence, and is nothing more than another "denial" of the plaintiff's allegation that the injury was not caused by any fault or negligence on his part.

Contributory negligence—negligence on the part of the plaintiff—necessarily implies negligence on the part of the defendant. It implies that the concurring negligence of the two parties caused the injury, and but for this concurrence it would not have occurred.

Contributory negligence is therefore a defense which confesses and avoids the plaintiff's cause of action as stated in the complaint. 4 Amer. & Eng. Cyclop. Law, 17, 19; *Railway Co.* v. *Thomas*, 79 Ky. 164.

This defense confesses nothing, but avers that the defendant was not guilty of negligence, and that the injury sustained by the plaintiff was wholly owing to his own negligence.

As I have said, it amounts to nothing more or less than another denial of the allegation in the complaint that the injury in question was

not caused by the fault or negligence of the plaintiff. *Hoffman* v. *Gordon*, 15 Ohio St. 215. This being the character of the pleading, it needed no reply, and might properly have been stricken from the answer as redundant. The motion is denied.