BERRY v. LAKE ERIE & W. R. CO.

(Circuit Court, D. Indiana. November 1, 1895.)

No. 9,277.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ACTION FOR PERSONAL INJURIES—PLEADING.

In actions for personal injuries, brought in the federal courts, plaintiff is not required to plead or prove freedom from contributory negligence. Such negligence is matter of defense to be averred and proved by defendant.

This was an action at law, brought by Pearlie Berry, by her next friend, against the Lake Erie & Western Railroad Company, to recover damages for personal injuries.

Duncan, Smith & Hornbrook, for plaintiff.

W. E. Hackedorn, J. B. Cockrum, and Miller, Winter & Elam, for defendant.

BAKER, District Judge. The plaintiff, an infant of seven years of age, by her next friend, has filed her complaint in two paragraphs for the recovery of damages for personal injuries alleged to have been sustained by her by reason of the negligence of the defendant. To each paragraph of this complaint the defendant has interposed a demurrer for want of facts. The defects pointed out in argument are that the first paragraph fails to show the plaintiff's freedom from contributory negligence, and that the second paragraph fails to show that the parents of the plaintiff were free from fault contributing to the injury. It is too firmly settled by repeated decisions of the federal courts to be longer open to question here that in actions for personal injuries the plaintiff is not required, in order to make out his case, to prove freedom from contributory negligence. The burden of showing the plaintiff's contributory negligence rests upon the defendant, unless it affirmatively appears in the case made by the plaintiff. Hough v. Railroad Co., 100 U. S. 213, 225; Railroad Co. v. Gladmon, 15 Wall. 401, 407; Coasting Co. v. Tolson, 139 U. S. 551, 557, 558, 11 Sup. Ct. 653, and cases there cited. The plaintiff not being required to prove his freedom from contributory negligence, he is under no obligation to aver it. The allegations of his complaint need be no broader than the proofs required to support it. Negligence of the plaintiff contributing to the injury is matter of defense, to be averred and proved by the defendant. Perhaps, if the plaintiff has chosen to allege in his complaint his freedom from contributory negligence, and the defendant has met this allegation by a general denial, an issue is formed on this question which must be tried, although no affirmative answer setting up contributory negligence is pleaded. See cases, supra, and also Knaresborough v. Mining Co., Fed. Cas. No. 7,874, 3 Sawy. 446; Holmes v. Railway Co., 5 Fed. 75, 85, 86; Conroy v. Construction Co., 23 Fed. 71, 72; Watkinds v. Railroad Co., 38 Fed. 711–713. The demurrer is overruled.