### EVANS v. LAKE ERIE & W. R. CO.

#### (Circuit Court, D. Indiana. February 17, 1897.)

#### No. 9,281.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE AS DEFENSE—PLEADING.

Contributory negligence is a matter of defense, in the national courts, and an answer setting up the contributory negligence of the plaintiff, in an action for personal injuries alleged to have been caused by defendant's negligence, is not demurrable.

2. SAME—ANSWER—DEMURRER.

A paragraph in an answer, in an action for personal injuries alleged to have been caused by defendant's negligence, which sets up the negligence of one who was driving the vehicle in which the plaintiff was a passenger, such negligence not being imputable to the plaintiff, and also sets up plaintiff's own contributory negligence, which has already been fully pleaded, is demurrable, and may also be stricken out on motion as surplusage.

Holstein & Barrett and Emerson McGriff, for plaintiffs.
W. E. Hackedorn and John B. Cockrum, for defendants.

BAKER, District Judge. The plaintiff has interposed a demurrer to the second and third paragraphs of defendant's answer. The complaint, which is in four paragraphs, alleges that the plaintiff sustained serious and permanent injuries, without fault or negligence on her part, from the negligence of the defendant, while she was crossing its track on one of the principal streets of Portland, Ind. The first paragraph of answer is a general denial. The second par-

agraph is addressed to each paragraph of the complaint, and alleges that the plaintiff ought not to recover in this suit, because the negligence and want of ordinary care on the part of the plaintiff proximately contributed to cause the accident and injuries of which the plaintiff complains, and because the plaintiff did not, before entering upon the track, carefully look and listen for any train, cars, or locomotive that might be approaching, but, without the exercise of such care, or any care to avoid injury, entered upon said track, and received said injuries. Contributory negligence is a matter of defense in the national courts, and the facts stated in this paragraph show contributory negligence on the part of the plaintiff. This paragraph is therefore sufficient. Berry v. Railroad Co., 70 Fed. 193.

The third paragraph of answer is addressed to each paragraph of the complaint. It sets up that the plaintiff, at the time she was approaching said crossing, and at the time she entered upon the same, was riding in a vehicle drawn by a horse or horses driven by one Frank Moore, to whose prudence and care or lack of the same she then and there negligently committed herself and her safety in the premises, without herself giving the matter of the safe crossing of said railroad any personal care or attention, although she was so situated that she might have done so; and that the said Frank Moore, driver as aforesaid, so in charge of said vehicle, did, without stopping or looking or listening for any approaching car or locomotive, or exercising any care in the premises to avoid injury, drive upon said track in a heedless and careless way, and thereby, and as the result thereof, said vehicle came in collision with said car or locomotive, and the plaintiff received the injuries of which she complains. In so far as this paragraph sets up the negligence of Frank Moore, it is immaterial, because it is settled by the decisions of the supreme court of this state and of the United States that the negligence of the driver is not imputable to the passenger riding with him. Town of Knightstown v. Musgrove, 116 Ind. 121, 18 N. E. 452; Miller v. Railway Co., 128 Ind. 97, 27 N. E. 339; Railway Co. v. McIntosh, 140 Ind. 261, 38 N. E. 476; Little v. Hackett, 116 U. S. 366, 6 Sup. Ct. 391. In so far as it charges negligence on the part of the plaintiff, it adds nothing to the allegations of her contributory negligence set out in the second paragraph of the answer. Whatever defense the defendant has growing out of the plaintiff's contributory negligence is fully stated in the second paragraph, and no new or material matter of defense is set up in the third paragraph. This latter paragraph of answer would have been stricken out on motion as surplusage, and in such case it is no error to eliminate it by sustaining a demurrer to it. The demurrer to the second paragraph of answer is overruled, to which ruling the plaintiff excepts; and the demurrer to the third paragraph of answer is sustained, to which ruling the defendant excepts.