## NATIONAL LABOR RELATIONS BOARD v. GREATER NEW YORK BROADCASTING CORPORATION.

### No. 86.

Circuit Court of Appeals, Second Circuit.

Feb. 6, 1945.

338

Alvin J. Rockwell, Gen. Counsel, Malcolm F. Halliday, Associate Gen. Counsel, and Ida Klaus and Fannie M. Boyls, Attys., all of Washington, D. C., for National Labor Relations Board.

Sanford H. Cohen and Henry H. Silverman, both of New York City, for respondent.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ The complaint in the proceedings before the Board alleged that "respondent did on or about November 3–4, 1940, discharge" certain of its employees, and had refused to reinstate them; that both the discharges and the refusal to reinstate were for union activities on the part of those employees; and that, by such discharges and refusal to reinstate, respondent violated the National Labor Relations Act. Respondent, in its amended answer, denied these allegations except that it "admits that at the time mentioned * * * respondent discharged for good and sufficient cause * * *" The Board did not find that any of the named employees were discharged on November 3 or 4. Respondent contends that, on these pleadings, it must be taken as true that the employees were discharged on either of those dates; that the Board could not therefore conclude that respondent's conduct in failing to reinstate them was improper unless the Board found, on the basis of substantial evidence, that these. employees were improperly discharged on one of those dates; that the Board made no such finding and could not have done so on the basis of any record evidence. The Board did make findings, supported by substantial evidence, that on November 3 or 4 respondent threatened to discharge those employees; that respondent attempted to justify that threat by reference to alleged acts of sabotage committed by them on or before November 3 or 4; that they had not been guilty of such conduct; and that subsequently, after a strike called on November 3, respondent refused to take them back in its employ because of their union activities. The Board thus, in effect, found that respondent discharged these employees after the strike,[1] in violation of the Act. After these findings and a decision adverse to respondent had been filed, respondent moved for leave to offer additional evidence, not to prove that the discharges had taken place on November 3 or 4, but solely that these employees were guilty of acts of sabotage on or before those dates. The Board denied this motion, as it had discretion to do.[2] In this court, before this case was argued, respondent made a similar motion, again omitting any request to be allowed to offer further evidence that the discharges had occurred on November 3 or 4; that motion was denied.

[1] On November 7, Kay, the station's general manager, wrote to Baker, the union representative, that the "employees who were present when the decision was made to take the station off the air" were no longer in the employ of the company.

[2] N. L. R. B. v. Standard Oil Co., 2 Cir., 138 F.2d 885, 889.

■■ On these facts, we cannot agree with respondent's contention. We need not consider its argument that, because of the admission in respondent's answer, the Board was bound by its allegation. For the allegation was not that the discharges occurred on November 3 or 4 but "on or about" those dates. The date of the discharges was therefore open to proof within the usual reasonable limits. If on a trial before a court there were a similar allegation, we would hold that there was no fatal discrepancy should the evidence show a discharge within a similar period of time,[3] and the Supreme Court has admonished us that, to say the least, we must not deal more strictly with the Board than we would with a court in such matters. N. L. R. B. v. Mackay Radio & Telegraph Co., 304 U. S. 333, 349, 58 S.Ct. 904, 912, 82 L.Ed. 1381: "The respondent was not denied a hearing with respect to the offense found by the Board. The respondent says that it was summoned to answer a complaint that it discriminated by discharging the five men and that, after all the evidence was in, this complaint was withdrawn and a new one presented asserting that its refusal to re-employ the five men was the head and front of its offending. Then it is said that when the Board came to make its finding it reverted to the position that what the respondent did had not been a failure to employ but a wrongful discharge. Thus the respondent claims that it is found guilty of an unfair labor practice which was not within the issues upon which the case was tried. The position is highly technical. All parties to the proceeding knew from the outset that the thing complained of was discrimination against certain men by reason of their alleged union activities. If there was a current labor dispute the men were still employees by virtue of section 2(3), and the refusal to let them work was a discharge. The respondent says that as the Board failed to find, in so many words, that there was a current labor dispute its conclusion of fact that the men were discharged has no basis. But the Board found that the strike was called because the strikers were informed that the negotiations for a working agreement in New York were not proceeding satisfactorily. We think its action cannot be overturned for the mere reason that it failed to characterize the situation as a current labor dispute. The respondent further argues that, when the amended complaint was filed and the original one withdrawn, the charge it had to meet was refusal to re-employ; that the phrase 're-employ' means 'employ anew'; that if the Board had found a failure to employ the five men because of discrimination forbidden by the act, the findings would have followed the complaint, whereas the Board, in its conclusions of fact, referred to respondent's action as 're-fusal to reinstate to employment' and as a discharge; and the argument is that the findings do not follow the pleadings. A review of the record shows that at no time during the hearings was there any misunderstanding as to what was the basis of the Board's complaint. The entire evidence, pro and con, was directed to the question whether, when the strike failed and the men desired to come back and were told that the strike would be forgotten and that they might come back in a body save for eleven men who were singled out for different treatment, six of whom, however, were treated like everyone else, the respondent did in fact discriminate against the remaining five because of union activity. While the respondent was entitled to know the basis of the complaint against it, and to explain its conduct, in an effort to meet that complaint, we find from the record that it understood the issue and was afforded full opportunity to justify the action of its officers as innocent rather than discriminatory."[4]

■ Had respondent, claiming surprise, asked the Board for an opportunity to offer further proof as to the time of the discharges, it may be that it would have been error to deny that request. Cf. Corning Glass Works v. N. L. R. B., 2 Cir., 129 F. 2d 967, 972. But respondent sought no such opportunity.

---

[3] Cf. Fiddelke v. United States, 9 Cir., 47 F.2d 751, 752: Thompson v. United States, 3 Cir., 283 F. 895, 897; Bryant v. United States, 5 Cir., 257 F. 378, 380; United States v. Aviles, D.C.S.D.Cal., 222 F. 474. 476; United States v. McKinley, 9 Cir., 127 F. 168; Conroy v. Oregon Construction Co., 9 Cir., 23 F. 71; see 31 C.

J. 682; 42 C.J.S., Indictments and Informations, § 125, p. 1008.

[4] Cf. N. L. R. B. v. Yale & Towne Mfg. Co., 2 Cir., 114 F.2d 376, 379; M. H. Ritzwoller Co. v. N. L. R. B., 7 Cir., 114 F.2d 432, 434, 435; Fort Wayne, etc., Co. v. N. L. R. B., 7 Cir., 111 F.2d 869, 873; N. L. R. B. v. Piqua, etc., Co., 6 Cir., 109 F.2d 552, 557.

340

■ As to the other issues, "fundamentally, the complaint is that the testimony on which the Board relied is not credible."[5] "That we cannot consider the credibility of witnesses nor weigh the evidence is too firmly established to require the citation of authority."[6] Suffice to say that there is enough evidence to support the finding that the strikers were discharged because of union activities; that there was an unlawful refusal to bargain; that the union sought to re-establish negotiations and the respondent refused; that the strike was prolonged by unfair labor practices; and that the respondent refused to treat the strikers fairly in regard to rehire and tenure of employment.

Enforcement granted.

---

[5] N. L. R. B. v. Standard Gage Co., 2 Cir., 146 F.2d 33.

[6] N. L. R. B. v. Sandy Hill Iron & Brass Works, 2 Cir., 145 F.2d 631.