## NATIONAL LABOR RELATIONS BOARD v. WOMEN'S WEAR CO.

### No. 114, Docket 20346.

### Circuit Court of Appeals, Second Circuit.

### Feb. 13, 1947.

Gerhard P. Van Arkel, Gen. Counsel, Morris P. Glushien, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Leonard Appel and Platonia Kaldes, all of Washington, D. C., for petitioner.

Townley, Updike & Carter, of New York City (J. Howard Carter and John J. Macchia, both of New York City, of counsel), for respondent.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This petition brings before us an order of the National Labor Relations Board, in the usual form, based on findings of interference, restraint and coercion in violation of section 8(1) of the Act, and the discriminatory discharge of an employee in violation of section 8(3), 29 U.S.C.A. § 158. The respondent contends that the findings are not supported by substantial evidence. On such an issue the very limited function of the court is no longer debatable. It is not for us to weigh conflicting testimony and pass upon the credibility of witnesses; nor may we reject inferences drawn by the Board from proven facts merely because different inference might to us seem more reasonable. National Labor Relations Board v. Greater New York Broadcasting Corp., 2 Cir., 147 F.2d 337, 340; F. W. Woolworth Co. v. National Labor Relations Board, 2 Cir., 121 F.2d 658, 660.

Bearing in mind the narrow limits of judicial review, it is unnecessary to state the evidence in detail. The crucial question in the case is whether there is enough evidence to support the Board's finding that Loretta Bogoff was discharged because of her activities as a member of the Newspaper Guild of New York rather than for the reasons asserted by her employer. In January 1943 she began her employment in the advertising service department of the respondent under Mr. Freeland. During

the first six months she was given two raises in salary and on the anniversary of her employment Mr. Freeland spoke, according to her testimony, with seeming approbation of her work. On June 29, 1944, he discharged her, stating that "mentally and temperamentally she was unsuited for the work of the department." He testified that during most of the year preceding her discharge her work had been unsatisfactory. In February 1944 the Newspaper Guild began a campaign to get members among the respondent's employees, and Miss Bogoff became an active organizer. She testified that shortly thereafter she noticed a change in Mr. Freeland's attitude toward her and, when she asked him if it was because of her activity in the Guild, he said "You stuck your neck out and you will have to take the consequences." Mr. Freeland denied making this statement but the trial examiner gave credence to Bogoff's testimony. The record shows that the respondent had ample grounds for discharging her but the conduct put forward as the reason for it antedated the discharge by several months and the Board was not bound to accept the respondent's explanation of the delay. We cannot hold that there was no substantial evidence to support the Board's inference that the employer's motive for the discharge was to be rid of a persistent organizer for the Guild.

This is sufficient to dispose of the case. The violation of subdivision (3) of section 8, 29 U.S.C.A. § 158, is itself a violation of subdivision (1), for "discrimination * * * to encourage or discourage membership in any labor organization" is necessarily an interference with employees "in the exercise of the rights guaranteed" them by section 7, 29 U.S.C.A. § 157. Consequently the respondent violated both subdivisions by its discriminatory discharge of Bogoff, and it is unnecessary to consider whether the testimony of Luttinger, or the admissions of Diamond, established a further violation of subdivision (1). We may add, however, that were it important, we should find it difficult to accept the trial examiner's analysis of the evidence.

Petition for an order of enforcement is granted.