**UNITED STEELWORKERS OF AMER-ICA, AFL-CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 20821.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 22, 1967.

Decided Oct. 24, 1967.

Mr. Michael Gottesman, Washington, D. C., with whom Messrs. Elliott Bredhoff and George H. Cohen, Washington, D. C., were on the brief, for petitioner.

Mr. Lawrence M. Joseph, Atty., N. L. R. B., with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Marcus W. Sisk, Atty., N. L. R. B., were on the brief, for respondent.

Before FAHY, Senior Circuit Judge, and McGOWAN and ROBINSON, Circuit Judges.

FAHY, Senior Circuit Judge:

On the petition of the Union, United Steelworkers of America, AFL-CIO, to review and set aside an order of the National Labor Relations Board, we grant the petition in one respect and otherwise deny it.

The Union claimed it represented a majority of the employees of the Wagner Industrial Products Company, Inc., of Winnecone, Wisconsin, and sought a bargaining conference with the Company. At about the same time, on August 13, 1964, the Union petitioned the Board for an election, which was held. The Union lost, with 25 votes in its favor and 38

against it. Objections to the election were filed by the Union, based on pre-election conduct of the Company alleged to have been coercive of the employees. Following a hearing on the objections the Hearing Officer found that two company supervisors had indeed made pre-election threats, that the Company had distributed a campaign letter which "unduly intruded upon the employees' freedom of choice" and that during the campaign the company Vice-President made a speech which created a "generally coercive atmosphere." The Board adopted the Hearing Officer's recommendation that the election be set aside, and ordered a new election which has not yet been held.

Following this order the Union filed charges of unfair labor practices based on the Company's conduct which had led to the Union's objections to the election. A Board complaint followed, alleging violations of Sections 8(a) (1) and 8(a) (5) of the Act. At the hearing on the complaint the parties agreed that the Trial Examiner should "take notice" of the record in the representation proceeding, and the Company introduced the testimony of two additional witnesses. On the basis of the full record the Trial Examiner found that the two supervisors had not violated Section 8(a) (1) in the respects already mentioned, and that the campaign letter and the speech of the company Vice President did not constitute violations of Section 8(a) (1). Moreover, the Trial Examiner found that the Company had not violated Section 8 (a) (5) and 8(a) (1) by refusing to bargain with the Union.

The Trial Examiner's decision was entered February 24, 1966. On May 14, 1966, the Company moved the Board to reopen the record in the unfair labor practice proceeding to receive copies of court records showing pleas of guilty, followed by judgment of guilty, of mail fraud, fraudulent tax claims, and forgery, committed by the principal union witness in the representation proceeding. One count charged that he had used 14 aliases in his scheme of fraudulent claims for refund of federal gasoline taxes amounting to more than $59,000.00. The Board granted the Company's motion, and on the basis of this new evidence decided to disregard the testimony which the witness had given in the representation hearing.

■ In this court the Union urges for the first time that it was error for the Board to receive the new evidence. We see no reason why the Board, before it issued its decision, could not in the exercise of a sound discretion entertain and grant the motion to reopen the case to receive the additional material evidence which was not available at the time of the hearing. Cf. NLRB v. Greater New York Broadcasting Corp., 147 F.2d 337, 338 (2d Cir. 1945); NLRB v. Standard Oil Corp., 138 F.2d 885, 889 (2d Cir. 1943) (per L. Hand, J.).

As a result of its consideration of the augmented record the Board concluded that the General Counsel had not established the alleged 8(a) (1) violations by the two supervisors. As to the campaign letter and speech, however, the Board concluded that "even if this conduct were found to be violative of the Act" it was not of sufficient gravity standing alone to warrant the Board in issuing a remedial order for violation of Section 8(a) (1) or to support a finding of refusal to bargain in violation of Section 8(a) (5). The Board accordingly dismissed the complaint entirely.

■ In finding that the conduct of the two supervisors did not violate Section 8(a) (1), the Board must be sustained. Substantial evidence in the record as a whole supports these findings. It is true that the Hearing Officer in the representation proceeding had the benefit of personal observation of the witnesses in resolving the factual issues as to the threats of the supervisor, and the Trial Examiner in disagreeing with the Hearing Officer in the unfair labor practices proceeding had before him only the transcript of the post-election hearing. Nevertheless when the Board agreed with the Trial Examiner on the basis of its own views of credibility, the Board find-

ings, based on the augmented record and supported as we have said, should be accepted by the court. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. The Board's evaluation of the new evidence did not require personal observation of the demeanor of the witness whose credibility the Board found was undermined by this evidence. Nor was the Board required to return the case to the Trial Examiner for his appraisal of the record as augmented. We have no basis for holding that the Board departed from the standards of *Universal Camera*.

As to the Company's campaign letter and the Vice President's speech, however, we cannot agree that if these were unfair labor practices in violation of Section 8(a) (1) no remedial order should be issued against the Company. This conclusion we think is required by our decision in International Woodworkers of America, AFL-CIO, Local 3–10 v. NLRB, 127 U.S.App.D.C. 81, 380 F.2d 628.[1] It can hardly be said that if the letter and speech were unfair labor practices the election was not affected adversely to the Union, and that, should such conduct recur, a comparable future effect upon the freedom of the employees would not result. The fact that the election is still to be held adds strength to the view that the policies of the Act would require an appropriate Board order to offset, insofar as such an order could do so, the effect of such unfair labor practices. Accordingly the Board's basis for dismissal of the complaint as to these alleged violations of the Act is not accepted.

The question whether an 8(a) (5) order should be issued must await consideration by the Board of the question whether the Company violated Section 8(a) (1) by the letter and speech. The full content of any order is for the Board initially to determine should it find that the letter and speech, or either,

caused the Company to be in violation of Section 8(a) (1).

The Board's order of dismissal will be enforced except as above indicated, with remand for further consideration also as above indicated.

It is so ordered.

own special facts and decides no principle of general application.

---

1. Compare United Steelworkers of America, AFL–CIO v. NLRB, 126 U.S.App.D.C. 255, 377 F.2d 140, which rests upon its