LYONS, Justice
(concurring in the result).
The main opinion reverses the trial court’s judgment and remands the case based on Troy Brown’s contention that this Court should overrule Tittle v. Steel City Oldsmobile GMC Truck, Inc., 544 So.2d 883 (Ala.1989), in which this Court held that the plaintiffs breach-of-warranty claim arose at the time of delivery of the vehicle. Because I am persuaded that this case can be disposed of in favor of Brown based on his contention that GM waived the affirmative defense of the statute of limitations, I concur only in the result.
GM failed to assert the affirmative defense of the statute of limitations in its answer. GM nevertheless relied on the statute-of-limitations defense in its motion for a summary judgment. GM can avoid the consequences of its failure to assert the affirmative defense of the statute of limitations in its answer if the defense of limitations appears on the face of the complaint. See Wallace v. Alabama Ass’n of Classified Sch. Employees, 463 So.2d 135, 136-37 (Ala.1984).
The only reference to a date appearing on the face of the complaint is in paragraph 4:
“4. On or about, to-wit, the 3rd day of August, 2002, the Plaintiff, Troy Brown, purchased one (1) 2002 Chevrolet Corvette from Bill Heard Chevrolet (an authorized dealer of the Defendant, GMC, located in Columbus, Georgia), said automobile having been manufactured by the Defendant, [GM], and bearing serial number-.”
(Emphasis added.) The action was commenced on August 8, 2006, four years and five days after the date referred to in the complaint. GM contends that the defense of limitations appears on the face of the complaint.
Noting the lack of Alabama authority on whether an allegation of time preceded by the phrase “on or about” or “to-wit” constitutes sufficient certainty to give rise to a limitations defense appearing on the face of the complaint, Brown relies on Lewis v. Merrill, 228 Or. 541, 365 P.2d 1052 (1961). In that case, the Supreme Court of Oregon held that an allegation that something occurred “on or about” a certain day is not an averment that the event occurred on any distinct day and that, therefore, the actual day or time may be either before or after the stated date. The Lewis court relied on Conroy v. Oregon Construction Co., 23 F. 71, 73 (C.C.Or.1885), in which the federal circuit court, when faced with the same question, concluded:
“In short, the averment amounts to nothing, so far as time is concerned. [Citation omitted.] This being so, it does not appear on the face of the complaint when the right of action accrued, and therefor it cannot be said that the action was not commenced in time, and a demurrer for that cause will not lie.”
*116 The Lewis court correctly concluded that the defense of limitations does not appear on the face of the complaint when the complaint avers occurrence of the event giving rise to the claim on or about a specified date. We are not permitted to disregard the limiting phraseology in Brown’s complaint lest we run afoul of the rule that allegations of the complaint are to be construed in a light most favorable to the plaintiff, with all doubts and allegations resolved in his favor. See Voyager-Ins. Cos. v. Whitson, 867 So.2d 1065 (Ala.2003). Because the defense of limitations does not appear on the face of Brown’s complaint, GM cannot extricate itself from the consequences of its waiver of the affirmative defense of the statute of limitations, and the judgment dismissing the action is due to be reversed and the case remanded on this ground alone. I express no opinion as to the basis for reversal set forth in the main opinion; I therefore concur only in the result.
WOODALL, J., concurs.