## RAILROAD COMPANY *v.* GLADMON.

1. While in a suit by an *adult* against a street railway company for injuries done to him while he was crossing the track of the company, it is true that the absence of reasonable care and caution on his part will prevent a recovery, it is not correct to say that it is incumbent upon him to prove such care and caution. The want of it, or, as it is termed, "contributory negligence," is a defence to be proved by the other side.
2. The rule of law in regard to the negligence of an adult, and the rule in regard to that of an infant of tender years, is quite different. By the adult there must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. The caution required is according to the maturity and capacity of the child, a matter to be determined in each case by the circumstances of that case.
3. A prayer for instructions which assumes as existing, matters of which no proof is found in the record, and which are simply inferred to be facts by counsel making the prayer, ought not to be granted.
4. In this case the respective obligations of street railway companies on the one hand, and of persons (including children) crossing the tracks on which the rail-cars run on the other, are stated in the charge of the court below, and declared by this court in a general approval of it.

ERROR to the Supreme Court of the District of Columbia; the case being this:

One of the drivers of the Washington and Georgetown Railway Company—a company chartered by Congress to

run cars through streets of the cities of Washington and Georgetown,—was, on a morning of April, 1868, driving a car through a populous portion of the latter place. Some person was standing beside him on the front platform of the car. Instead of looking at his horses and before him, he turned his face round and began to talk to this person; thus turning himself so as to look at a right angle to the course in which he was driving. Just as he turned his head, Oliver Gladmon, a child seven years old, attempted to run across the track, in front of the horses. Before he got across he turned to come back again. In some way which was not more particularly explained, before he got back he was severely injured by the horses or car. Hereupon his father, as next friend of the child, sued the company. The record showed no testimony but that of one witness, who mentioned the chief facts above stated, and testified " that if the driver had not been looking at his companion he could have checked the horses in time to have prevented the accident." At the close of this testimony, tending to show the negligence of the driver, the counsel of the railroad company asked the court to give the following instructions:

1. If the jury find from the evidence that the plaintiff's injuries resulted from his attempting to cross a street in front of an approaching car, driven by an agent of defendant's, the burden of proof is on the plaintiff to show affirmatively not only the want of ordinary care and caution on the part of the driver, but the exercise of due care and caution on his own part; and if the jury find from the evidence that the negligence or want of due care or caution of the plaintiff caused the accident, or even contributed to it, or that it could have been avoided by the exercise of due care on his part, then the plaintiff is not entitled to recover whether the driver of the car was guilty of negligence or not, but the jury must find for defendant.

2. If the jury find that the plaintiff negligently or rashly attempted to cross the street in front of the car, but his injuries resulted from his having accidentally slipped and fallen on or near the track when endeavoring to turn back when it was too late to stop the car, it is to be regarded as an inevitable acci-

dent, for the consequences of which the defendant is not responsible.

3. If the plaintiff's injuries resulted from his attempting to cross the street so suddenly that the driver could not stop the car in time to avoid a collision with him, he is not entitled to recover.

4. That the driver of the car had a right to suppose that the plaintiff, when duly warned, would desist from the attempt to cross the street immediately in front of the car, and if such due warning was given, and it not being heeded, it was then too late to avert the accident, though the driver made every effort to do so, the plaintiff is not entitled to recover.

The court (CARTER, C. J.) refused to give these instructions, and charged as follows:

[The care of the defendant is to be tested by the exercise of adult judgment in treating undeveloped judgment in childhood. The defendant, in his duty under the law, is to be held to the exercise of adult judgment and caution when brought to bear upon the security of childhood and undeveloped judgment, and as a convertible proposition the child is to be held to the measure of childhood judgment; and I will give you some of the reasons for this determination:]

This corporation, under the operation of its charter, the authority of the law of its existence, is permitted to occupy the common thoroughfares of this city. It is created to move in those thoroughfares with the machinery that it has adopted as a carrier.

[It is not contemplated by law, under the authority of their creation, that they occupy the thoroughfares of Washington and Georgetown, to the exclusion of an occupation, the right of the citizens of the cities to do so—an easement that belongs to all men, women, and children of all grades of intelligence and circumspection, from the lowest grade of description to the highest. The rule that I have laid down covers the whole compass of description—from childhood to manhood, from infant judgment to ripe judgment—and was determined by the court for the reason that the occupation of these streets is the common property of all in common and the regulation of the intercourse each with the other must have reference to and be qualified by that common right.]

I do not wish to be understood in advancing this rule, as saying that this corporation are compelled to work this road through the thoroughfares of the streets of the District, as amid a population of blind or deaf men. They are not obliged to furnish eyes that others may see, or ears that others may hear. The responsibility of the highway is not theirs alone. Every person who enters upon it, enters upon it under the obligation to exercise a certain judgment in the preservation of his or her own life.

[The degree of that accountability varies with the age and capacity of the individual, until you get to a point where the occupant of the highway is utterly disqualified from protecting him or herself for the want of discretion.]

At that point the liability to exercise discretion for him is to be found in another quarter than with the stranger. At that point the liability of the guardian attaches and not the liability of the defendant.

There is another suggestion in explanation of this text of the law, as the court has given it, which it may not be improper to give at this time.

While the railroad, in working its cars through this city, is charged with caution, and strict caution, as far as their movement may affect adversely the rights of others, they are chargeable with no higher caution than can be exercised with the machinery which the law permits them to employ in performing the service of a common carrier in the District. This remark is made with reference to the character of a car, and the difficulty in bringing it to an instant pause. The car, to be of any service to the public, must be in motion, must move at intervals at least; and when in motion, its momentum requires time to bring it to a pause. There is nothing in the obligation of a circumspection resting upon this company that compels them to do what cannot be done. They have a right to the measure of time necessary to bring their car to a state of rest. There is no other rule by which these different interests of different citizens, and under different circumstances, can be regulated in the enjoyment of a common easement. They have the right to pass across, and the right to pass over the streets of the cities; and in estimating the proof for the plaintiff and the defendant in this case, it is your duty to look upon the relations of each to the other, and the rights of one citizen with another in a com-

mon enjoyment and a common right, and answer, yourselves, the question, Have these relative rights been offended in this case, as made manifest by the proof? If they have, trace the violation to the offender, and hold him accountable in the consequence of his violating the right.

[I am requested to say to you that if the defendant in this case was in the wrong, if the car of the defendant was moving with greater speed than good precaution and judgment would dictate, yet if you find from the testimony that the plaintiff, by his own act and in his own fault, superinduced the injury of which he now complains, that he may not recover.

That *is* the law, gentlemen. But in estimating that you will go back again to the foundation principle laid down in the government of the law of this case, and estimate the fault, the indiscretion, by the measure of the years of the plaintiff. You have got to adopt one of two rules here, and I have concluded it to be my duty to adopt the rule I have laid down; either to judge this child's conduct under the measure of his years, and the measure of his discretion, or pronounce that no action lies in behalf of a child, or demand of the child a measure of judgment that nature has not given to him, which would be a greater outrage upon good logic than to pronounce he had no remedy.

Now, if you find from the facts that this child interposed himself in the way of this car at a time when it could not be arrested, and under circumstances where he could not be seen under watchful, reasonably watchful, strictly watchful care on the part of the driver, where the car could not be brought to a pause early enough to save his body from injury, the defendant is not liable. If you find, on the contrary, that this child came upon the theatre of observation there at a time when the driver, attending to his duty, may have observed him, and observed him as an infant, with power to arrest his car to save him, you will hold this corporation responsible for the injury done to him; and it appears to me that the whole case lies pretty much there, too.]

However, I do not wish to comment on the facts. That is your province. Take the case and dispose of it.

The defendant excepted to the parts of the charge above in [ ]. The jury found for the plaintiff $9000 and costs, and judgment being entered accordingly the case was

brought here on exception to the refusal to charge as requested, and to the charge as given.

*Messrs. J. P. Bradley and J. P. Bradley, Jr., for the plaintiff in error; Messrs. R. T. Merrick and W. F. Mattingly, contra.*

Mr. Justice HUNT delivered the opinion of the court.

Sufficient proof was given to establish the negligence of the driver of the car, and no point is raised on that branch of the case.

The alleged errors arise from refusals to give certain instructions upon the effect of the conduct of the child, and of the charge as actually made on that subject. The first prayer for instructions is stated in the record in the words following:

" If the jury find from the evidence that the plaintiff's injuries resulted from his attempting to cross a street in front of an approaching car, driven by an agent of defendants, the burden of proof is on the plaintiff to show affirmatively, not only the want of ordinary care and caution on the part of the driver, but the exercise of due care and caution on his own part; and if the jury find from the evidence that the negligence or want of due care or caution of the plaintiff caused the accident, or even contributed to it, or that it could have been avoided by the exercise of due care on his own part, then the plaintiff is not entitled to recover, whether the driver of the car was guilty of negligence or not, but the jury must find for defendant."

As applied to *adult* parties, the first branch of this proposition is not correct. While it is true that the absence of reasonable care and caution, on the part of one seeking to recover for an injury so received, will prevent a recovery, it is not correct to say that it is incumbent upon him to prove such care and caution. The want of such care or contributory negligence, as it is termed, is a defence to be proved by the other side.

The plaintiff may establish the negligence of the defend-

aut, his own injury in consequence thereof, and his case is made out. If there are circumstances which convict him of concurring negligence, the defendant must prove them, and thus defeat the action. Irrespective of statute law on the subject, the burden of proof on that point does not rest upon the plaintiff.* In the case of *Oldfield* v. *The New York and Harlem Railroad Company,*† Denio, J., says:

"I am of opinion that it is not a rule of law of universal application that the plaintiff must prove affirmatively that his own conduct, on the occasion of the injury, was cautious and prudent. The *onus probandi,* in this as in most other cases, depends upon the position of the affair as it stands upon the undisputed facts. Thus, if a carriage be driven furiously through a crowded thoroughfare, and a person.is run over, he would not be obliged to prove that he was cautious and attentive, and he might recover, though there were no witnesses of his actual conduct. The natural instinct of self-preservation would stand in the place of positive evidence, and the dangerous tendency of the defendant's conduct would create so strong a probability that the injury happened through his fault that no other evidence would be required. . . . The culpability of the defendant must be affirmatively proved before the case can go to the jury, but the absence of any fault on the part of the plaintiff may be inferred from circumstances; and the disposition of men to take care of themselves and keep out of difficulty may properly be taken into consideration."

The later cases in the New York Court of Appeals I think will show that the trials have almost uniformly proceeded upon the theory that the plaintiff is not bound to prove affirmatively that he was himself free from negligence, and this theory has been accepted as the true one. Generally, as here, the proof which shows the defendant's negligence, shows also the negligence or the caution of the plaintiff.

---

* Oldfield *v.* New York and Harlem Railroad Co., 3 E. D. Smith, 103; affirmed 14 New York, 310; Johnson *v.* Hudson River Railroad Co., 20 New York, 65; Dutton *v.* Same, 18 Id. 248; Wilds *v.* Same, 24 New York, 430.

† 3 E. D. Smith, 103.

The question of the burden of proof is, therefore, not usually presented with prominence. In some of the States it has been held that the plaintiff was bound to make affirmative proof of his freedom from negligence. In many cases it is so held by virtue of local statutes.*

There is, however, another and very satisfactory reason for the refusal to comply with the prayer. The rule of law in regard to the negligence of an adult, and the rule in regard to that of an infant of tender years is quite different. By the adult there must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. If he fails to give it, his injury is the result of his own folly, and cannot be visited upon another. Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child of three years of age less caution would be required than of one of seven, and of a child of seven less than of one of twelve or fifteen. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case.†

The rule laid down in the request under consideration entirely ignores this difference. Assuming that it would have been a sound rule if the plaintiff had been an adult, it is evident that the jury would not have been justified in applying it in this case. That "due care and caution" required of plaintiffs generally, was not required of the plaintiff here. If it had been given as requested, the instruction would have been quite certain to mislead the jury to the prejudice of the plaintiff. It was properly refused.

The instruction asked for in the second prayer, and which the judge refused to give, was as follows:

* Sherman & Redfield on Negligence, §§ 43 and 44, and note where the cases are collected.

† Sherman & Redfield on Negligence, § 49; Mangam *v.* Brooklyn City Railroad, 38 New York, 455; O'Mara *v.* Hudson River Railroad Co., 38 New York, 445; Smith *v.* O'Connor, 48 Pennsylvania State, 218; Pennsylvania Railroad *v.* McTighe, 16 Id. 316.

" 2. If the jury find that the plaintiff negligently or rashly attempted to cross the street in front of the car, but his injuries resulted from his having accidentally slipped and fallen on or near the track when endeavoring to turn back when it was too late to stop the car, it is to be regarded as an inevitable accident, for the consequences of which the defendant is not responsible."

The suggestions already made are applicable to this request. The circumstance that the plaintiff was an infant of tender years, and that a different rule was required in that case from the rule in the case of an adult, was excluded from the proposition. A charge in accordance with the prayer could not, therefore, have been properly made. The prayer also assumed as existing, facts of which no proof is found in the record. I do not find any evidence of the fact here assumed, that when the plaintiff slipped or fell, it was too late to stop the car. The evidence on that subject comes from the witness who testified in substance that if the driver had been attending to his duty he could have checked his horses in time. This witness gave the only evidence on the point. It is not allowable to assume as existing, facts not proved, and to ask a direction to the jury upon such assumption. This practice would tend to embarrass and mislead the jury.

The third and fourth prayers are of the same general character and do not require more particular consideration.

Exception is also taken to certain portions of the charge. The general scope and tendency of the charge is correct. The rule in regard to the liability of the defendant under the circumstances submitted to the jury is correctly given. The language is less simple, perhaps, than might have been desired, and detached sentences might be open to criticism, but upon the whole it is right, and the jury could not have failed to understand it correctly.

Some discussion was had upon the argument on the point of the degree of care and attention to be required of those having the charge and custody of an infant of tender years.

This presents an interesting question, which, when it is properly before us, will receive the careful attention of the court. In the present case it does not appear to have been presented to the court below, and there is nothing in the evidence to justify this court in now considering it. Upon the case, as it comes before us, the judgment must be

AFFIRMED.