BLOCK *v.* HARLEM BRIDGE, H. & F. RY. CO.

(*Supreme Court, General Term, First Department.* January 10, 1890.)

1. STREET RAILROADS—PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.
   Where the evidence showed that a bright boy, seven years of age, started to cross a crowded street in day-light, and after crossing one car track saw a car approaching on the other track, and turned back; that a car was also approaching on the track which he turned to cross again; that he fell on the outer rail, and was run over, and injured; and that he probably would have crossed in safety had he not fallen,—the question of contributory negligence, and of the boy's capability of exercising judgment and discretion, were for the jury.

2. SAME—NEGLIGENCE OF DRIVER.
   The car was moving on the up grade, when the boy fell, about six or eight feet in front of the horses. A spectator hailed the driver, who, however, took no apparent notice, and made no effort to stop the car. His hand was not on the brake. After the car ran over the boy, the driver took hold of the brake, and stopped the car. *Held,* that the question of his negligence was for the jury.

Appeal from circuit court, New York county.

Action by Mark Block, an infant, against the Harlem Bridge, Morrisania & Fordham Railway Company, to recover damages for injuries received by plaintiff under the following circumstances: On the 6th of March, 1886, between 5 and 6 o'clock in the afternoon, but while light enough remained to distinguish objects readily, the plaintiff, a bright, smart, intelligent boy, seven years old, ran from the south-west to the north-east corner of One Hundred and Thirtieth street and Third avenue. About 25 or 30 seconds after reaching the latter point, being summoned by the whistle of a companion, he started to recross the street to the place whence he came. At this time a car of the defendant was coming down from Harlem bridge, on the west or down-town track, in full sight; and another car, also in full sight, coming up the up-town track, the horses attached to which were supplemented by a third or hill horse, driven by a second driver, the grade of the road at that point being unusually steep. The horses' heads were then about on a level with the down-town crossing, and the horses were on a walk, not having yet begun to trot. The plaintiff crossed the up-town track in safety, but finding, on reaching the middle of the street, that he could not pass in front of the down car, he turned quickly about, and endeavored to recross the up-town track. But

on reaching the outer rail thereof, nearest the sidewalk, he stumbled and fell upon the street, with his foot across the rail, about six to eight feet in front of the horses attached to the up car, which were then trotting. A spectator, standing on the north-east corner of One Hundred and Thirtieth street, observing the fall of the boy, "hollered" to the driver, who, however, took no apparent notice, and made no effort to stop the car. The boy strove to rise, but the horses knocked him down again, and the wheels passed over him, causing injuries resulting in the amputation of the left leg and three toes of the right foot. Then, and not until then, the driver took steps to stop the car, bringing it to a stand-still about four feet ahead of the place where the boy lay. The complaint was dismissed, and plaintiff appealed.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

J. W. Dexter, for appellant.   J. M. Scribner, for respondent.

BRADY, J. In the case of Stone v. Railroad Co., 21 N. E. Rep. 712, it was declared that in administering civil remedies the law does not fix any arbitrary period when an infant is deemed capable of exercising judgment and discretion; that, from the nature of the case, it was impossible to prescribe a fixed period when a child becomes sui juris. Some children reach the point earlier than others. It depends upon many things, such as natural capacity, physical condition, training, habits of life, and surroundings. These and other circumstances may enter into the question. It becomes, therefore, a question of fact for the jury, where the inquiry is material, unless the child is of so very tender years that the court can safely decide the fact. The court said, in addition: "The child was lawfully in the street. In attempting to cross, he was struck by the horse on the defendant's car, and was run over and killed. The evidence would have justified the jury in finding that when the child stepped down from the curbstone the car was 50 or more feet away, and the distance from the curbstone to the track of the defendant's road was less than 12 feet. The child, if he saw the car, might very well have supposed that he could get over the track before the car passed." And, further, that it would be very unjust to exact from such a child that degree of care which an adult would exercise under such circumstances. In that case the child was seven years and three months old. When the plaintiff in this case crossed the up-town track in safety, as we have seen he did, finding, on reaching the middle of the street, that he could not pass in front of the down car, he turned quickly, and endeavored to recross the up-town track, and every presumption and inference leads to the conclusion that, if he had not fallen on the outer rail of the up-town track, he would have crossed in safety. If there was time, under ordinary circumstances, considering the developed capacity for active movement on the part of the boy, to cross the track, he was not bound to make any allowance for the fall which occurred. See Mentz v. Railroad Co., 3 Abb. Dec. 274; Railroad Co. v. Gladmon, 15 Wall. 401. And the observations in Thurber v. Railroad Co. are applicable here, namely: "The actual result does not necessarily condemn the attempt as rash, or even negligent. It may only prove an error of judgment, and in such case it is for the jury to say whether a man of ordinary prudence and discretion might not, under the same circumstances, have formed and acted upon the same judgment. Thurber v. Railroad Co., 60 N. Y. 326, 331. And again: "If the character of an act, by which one exposes himself to peril, is to be judged by its result alone, a person would, in most cases, be condemned as negligent who should voluntarily place himself in a position of possible danger, and harm should come to him." It is quite clear from these authorities, which might be multiplied, that it would be error to decide as matter of law that the attempt of the plaintiff to cross the street was, under the circumstances, per se negligence. If it was only an error of judgment, it was the duty of the court to submit the question to the jury. It may be further observed

that this case, in its essential elements, is kindred to the case of *Fenton* v. *Railroad Co.*, *ante*, 162 (decided herewith;) the boy in that case being injured in consequence of falling in an attempt to cross the track under circumstances similar to those in this case. In this case it cannot be said that the evidence does not sustain the charge of negligence on the part of the defendant. The driver made no effort, as we have seen, to put on the brakes. His hand was not on the brake at the time, and, although he was "hollered" at, he took no notice of the effort to attract his attention, and did nothing until the car had passed over the boy, when he was seen for the first time to tighten the lines of the horses. One of the witnesses testified to hearing the "hollering" to the driver, and to feeling the two bumps of the wheels as they passed over the plaintiff's limbs. It will be remembered that it was perfectly light at this time, so that what was going on could be seen through the car windows. The driver was seen turning the brake after the bumps, a circumstance showing the importance of the brake in stopping the car, even when going on an up grade. It was in evidence, also, that when the driver's hand is on the brake he can stop the car quicker than if he fail to have his hand there. There were circumstances on that subject which required the submission of the question of the defendant's negligence to the jury, as well as that of the contributory negligence of the plaintiff. In crowded thoroughfares of the city, of which Third avenue is decidedly one, there should be exacted from the drivers of horse cars vigilance in the avoiding of accidents. They should be required to be on the alert constantly, in order that citizens who have the right to cross wherever they please, exercising a reasonable degree of care, may not be injured by their inattention. It is true, these cars are conveniences of much value to our citizens. But it is absurd to suppose it to be impossible so to regulate the use of them as to afford at least immunity from danger to the wayfarer who is in the exercise of his lawful right of travel on foot. The judgment should be reversed, and a new trial ordered, with costs to appellant, to abide event. All concur.