# REINERS

*v.*

# THE WASHINGTON AND GEORGETOWN RAILROAD COMPANY.

STREET RAILWAYS; NEGLIGENCE; INFANTS; DEGREE OF CARE.
Plaintiff, a child of three and a half years, while running across the street in front of the defendant's cars, was struck and injured. It was alleged that defendant's agents were negligent, in that, at the time of the accident, the gripman was looking to one side and not keeping a proper lookout. It was *held*, reversing a judgment entered upon a verdict directed by the trial court, that the question of the defendant's negligence was for the jury: *following* Railroad Co. *v.* Gladmon, 15 Wall. 401.

No. 569. Submitted May 12, 1896. Decided May 19, 1896.

HEARING on an appeal by the plaintiff from a judgment

in an action to recover damages for personal injuries, a verdict for the defendant having been directed by the court. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. R. Byrd Lewis, Mr. B. S. Minor,* and *Mr. Walter V. R. Berry* for the appellant:

1. The facts of this case are such that all reasonable men must draw from them the same conclusion, namely, that negligence on the part of the railroad has been absolutely demonstrated. Whatever may be the contentions, the suppositions, the hypotheses of the defendant, the irresistible fact remains, that the gripman was not attending to his duty, that he was not watching out to see that the track was clear, that he was not exercising ordinary care and caution.

What constitutes the duty of a driver has been clearly laid down by the Court of Appeals of Maryland, in the case of *Railway Co.* v. *McDonnell,* 43 Md. 552, 553, and also in the leading case of *Railroad Co.* v. *Gladmon,* decided by the Supreme Court of the United States. In the latter case one of the drivers of the Washington and Georgetown Railroad Company was driving a car through a populous portion of Georgetown. " Some person was standing beside him on the front platform of the car. Instead of looking at his horses and before him, he turned his face round and began to talk to this person ; thus turning himself so as to look at a right angle to the course in which he was driving. Just as he turned his head, Oliver Gladmon, a child seven years old, attempted to run across the track in front of the horses. Before he got across he turned to come back again. In some way, which was not more particularly explained, before he got back he was severely injured by the horses or car." Hunt, J., says: " Sufficient proof was given to establish the negligence of the driver of the car." *Railroad Co.* v. *Gladmon,* 15 Wall. 401.

2. It is well settled that while an adult, to recover damages for an injury resulting from negligence, must have been free from fault, such is not the rule in regard to an infant of tender years. In the case of *Railroad Co.* v. *Stout*, known as the "Turntable" case, the plaintiff, who was six years of age, recovered a heavy verdict. Mr. Justice Hunt, in affirming the judgment, says: "It is well settled that the conduct of an infant of tender years is not to be judged by the same rule which governs that of an adult. While it is the general rule in regard to an adult that to entitle him to recover damages for an injury resulting from the fault or negligence of another, he must himself have been free from fault, such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case by the circumstances of that case." *Railroad Co.* v. *Stout*, 17 Wall. 660, 665 (cases).

In the case of *Railroad Co.* v. *Gladmon*, 15 Wall. 401, the plaintiff, aged seven years, recovered a verdict. Mr. Justice Hunt approved the charge of the judge below, which was as follows: "You have got to adopt one of two rules here, and I have concluded it to be my duty to adopt the rule I have laid down: Either to judge this child's conduct under the measure of his years and the measure of his discretion, or pronounce that no action lies in behalf of a child, or demand of the child a measure of judgment that nature has not given to him, which would be a greater outrage upon good logic than to pronounce he had no remedy. Now, if you find from the facts that this child interposed himself in the way of this car at a time when it could not be arrested, and under circumstances where he could not be seen under watchful, reasonably watchful, strictly watchful care on the part of the driver, where the car could not be brought to a pause early enough to save his body from injury, the defendant is not liable. If you find, on the contrary, that this child came upon the theatre of observation

there at a time when the driver, attending to his duty, may have observed him, and observed him as an infant, with power to arrest his car to save him, you will hold this corporation responsible for the injury done to him; and it appears to me that the whole case lies pretty much there." See also *Moore* v. *Railroad Co.*, 2 Mackey, 437; *Railroad Co.* v. *Webster*, 6 App. D. C. 182; *Walters* v. *Railroad Co.*, 41 Iowa, 71; *Railroad* v. *Mahoney*, 57 Pa. St. 187; Beach on Contributory Negligence (2d Ed.), Sec. 16 *et seq.*; *Robinson* v. *Cone*, 22 Vt. 213; *Besaillon* v. *Blood*, 64 N. H. 565; *Railroad Co.* v. *McDonnell*, 43 Md. 534; *Railroad Co.* v. *Fitzpatrick*, 35 Md. 32; *McMahon* v. *Railroad Co.*, 39 Md. 408; *Railroad Co.* v. *Hager*, 30 Md. 47; *Battishill* v. *Receivers of Wabash Railroad*, 64 Mich. 494; *Railway Co.* v. *Moore*, 59 Tex. 64; *Railroad Co.* v. *Fitzsimmons*, 22 Kan. 477; *Meeks* v. *Railroad Co.*, 56 Cal. 513.

The whole subject of contributory negligence on the part of children has been admirably collated and summed up by Beach in his work on Contributory Negligence (2d Ed.), Sec. 117. The court below should have held this infant plaintiff to be *non sui juris*, and incapable of counter negligence; or that, in any event, the question of contributory negligence—the determination of the measure of care required of an infant three years and three months old in the actual circumstances of the case—should have been left to the jury.

3. Contributory negligence on the part of parents. It was shown in this case that the parents of the plaintiff are hard-working people, living in the most humble circumstances—totally unable to keep a nurse to take care of the plaintiff. It was also shown that the mother was a careful mother, looking after her child as diligently and watchfully as her circumstances would allow. The whole question reduces itself to this: Are the children of the poor to be imprisoned in foul rooms, and debarred from light and air, because their parents are unable to provide them with nurses?

The question has been most admirably answered by Mr. Beach, in his summary of the law on the subject: Beach on Contributory Negligence, Sec. 135. See, also, *Railroad* v. *Pearson,* 72 Pa. St. 169 ; Beach on Contributory Negligence, Sec. 133 (cases); *O'Flaherty* v. *Railroad Co.,* 45 Mo. 70 ; *Kay* v. *Railroad Co.,* 65 Pa. St. 277 ; *Railroad Co.* v. *Long,* 75 Pa. St. 257 ; *Isabel* v. *Railroad Co.,* 60 Mo. 475, 483 ; *Moore* v. *Metropolitan Railroad,* 2 Mackey, 437.

The question of the amount of care exercised by an infant or its custodian is one for the jury. Beach on Con. Negligence, p. 150, note 2 (cases).

*Mr. Enoch Totten, Mr. W. D. Davidge* and *Mr. J. S. Flannery* for the appellee :

1. The only suggestion of negligence contained in the plaintiff's case is the evidence tending to show that the attention of the gripman of the train was momentarily diverted to the west side of 8th street. But, under the circumstances of this case, it is submitted, this did not amount to negligence. If the gripman had been looking to the front, he would have been unable to avoid striking the plaintiff, because it would have been impossible for him to stop in time. The fact that the gripman's head was turned, therefore, did not contribute in the slightest degree to the injury sustained by the plaintiff. Street car companies are not liable for accidental injuries to children. In order to recover, there must be proof of negligence on the part of the car driver. *Klein* v. *Railroad Co.,* 23 La. Ann. 729.

While contributory negligence cannot be imputed to a child 3½ years old, where such child unexpectedly and without warning runs from the pavement against a moving traction car, such fact is not evidence of negligence on the part of the railway company so as to render them liable. *Chilton* v. *Traction Co.,* 152 Pa. St. 425. If due diligence be exercised in running a train across a street in a

city, the company is not liable, simply because it was running there, for an injury to a child which suddenly placed itself upon the track in front of the cars. *Meyer* v. *Railroad Co.*, 2 Neb. 319. In this case the evidence shows the gripman was wholly ignorant of the presence of the child.

Before negligence can be imputed to the defendant, its gripman must be shown to have had *actual* knowledge of the exposed and perilous situation of the plaintiff, and, having such knowledge, negligently omitted to take proper precautions to avoid injuring him. The fact that the gripman, by the exercise of due care, *might* have ascertained the plaintiff's danger will not be sufficient to charge the defendant with *actual* knowledge. *Railroad Co.* v. *Didzoneit*, 1 App. D. C. 482; *Cullen* v. *Railroad Co.*, 8 App. D. C. 69; *Stearman* v. *Railroad Co.*, 6 App. D. C. 46.

2. In this case the negligence of the parent should be imputed to the child. It had been the habit of the mother of the infant plaintiff to permit him to play on the sidewalk in front of the house and often to go out on the street. The mother testified that she always got children to look after him. On this occasion she permitted the plaintiff to go out on the street in the custody of a little boy about six years old. This boy afterwards went across the street, and plaintiff's mother heard him repeatedly call to her son to come over and play with him, but she warned the little one not to go and then went back into her store to attend customers, where she remained from five to ten minutes—until she was notified of the accident.

In the case of *Moore* v. *Railroad Co.*, 2 Mackey, 437, the general term of the Supreme Court of the District of Columbia say that the negligence of the custodian should not be imputed to the child where the latter sues by next friend. This, it is submitted, is not correct in principle and is against the weight of eminent authority. The contrary doctrine is the established law in many States in the Union. The negligence of the parent or one having the care and

custody of a child of tender years, in unnecessarily and imprudently exposing it to danger, will preclude a recovery in an action for the benefit of the child for injuries by him sustained through the alleged negligence of a railroad company. *Railroad Co.* v. *Stratton*, 78 Ill. 88; *Wright* v. *Railroad Co.*, 4 Allen, 283; *Casey* v. *Smith*, 152 Mass. 294; *Hartfield* v. *Roper*, 21 Wend. 615; *Williams* v. *Gardiner*, 58 Hun, 508; *Bannon* v. *Railroad Co.*, 24 Md. 108; *McMahon* v. *Railroad Co.*, 39 Md. 439; *Smith* v. *Railroad Co.*, 92 Pa. 450.

Mr. Justice MORRIS delivered the opinion of the Court:

This is a suit for damages for personal injuries sustained by the appellant, Otto Reiners, a boy about three years and a half old, by being struck by a car owned and operated by the appellee, The Washington and Georgetown Railroad Company. The child started to run across the street in front of a moving car, and was thrown down and injured. The specific negligence complained of as having caused the injury was, as claimed, that the gripman of the car was looking to one side and not keeping a proper lookout. It was claimed that, if he had been keeping a proper lookout, the injury would not have occurred.

The court below directed the jury to render a verdict for the defendant, on the ground that no act of negligence had been proved on the part of the defendant's employees; and from the judgment thereon rendered the plaintiff has prosecuted this appeal.

The circumstances of this case are so similar to those of the case of the *Railroad Co.* v. *Gladmon*, 15 Wall. 401, that they may be said to be almost identical. We are unable to distinguish between the two cases; and we are therefore relieved from the necessity of entering into any discussion of the law bearing upon the questions raised by the testimony. Whether the further testimony to be adduced in the case will bear out the similarity, is a matter for the jury.

Upon the authority of the Gladmon case, we must reverse the judgment of the court below, with costs, and remand the cause to that court, with directions to vacate the verdict and judgment, and to award a new trial. *And it is so ordered.*