## FARBENFABRIKEN OF ELBERFELD CO. v. BERINGER.

(Circuit Court of Appeals, Third Circuit. January 29, 1908.)

### No. 43.

1. LIBEL AND SLANDER—CONSTRUCTION OF PUBLICATION—WHEN QUESTION FOR THE COURT.

In an action for libel, where the designating or descriptive words in the alleged libelous publication are not equivocal, and there is no evidence from which it could be reasonably inferred that they were actually intended or understood to apply to plaintiff, the question is one of law, and the court may properly instruct the jury that they did not apply to plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 360.]

2. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

In an action for libel, the good faith of the defendant is immaterial, except as it may affect the question of damages recoverable, and where the jury has found that there was no libel, the exclusion of evidence offered by plaintiff to show want of good faith was not prejudicial even if error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4190.]

3. LIBEL AND SLANDER—ACTION BY CORPORATION—DAMAGES.

In an action by a corporation for either slander or libel, the question of the right to recover compensatory damages depends upon whether or not plaintiff has suffered damage to its business.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 343-345.]

4. SAME—EVIDENCE—JUSTIFICATION.
　　Evidence may properly be received in an action for libel in support of a plea of justification, although it goes to only a part of the alleged libelous matter where the parts are severable.

In Error to the Circuit Court of the United States for the District of New Jersey.

Robert H. McCarter, for plaintiff in error.
Thomas B. Hall and Gilbert Collins, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. In the Circuit Court for the District of New Jersey, the plaintiff in error (a corporation) brought an action against the defendant in error to recover damages for defamation, and in conformity with the unquestioned practice in the courts of the state of New Jersey, a count for slander and a count for libel were united in the declaration. The count for slander alleged the oral publication of certain words averred to be defamatory, and the charge of libel was based upon the subsequent printed publication of the address in which, as alleged, those words had been spoken. After a demurrer to the count for libel had been overruled, and the pleading which ensued had terminated in a joinder of issue upon both counts, the cause was tried before a jury, a verdict of "not guilty of either libel or slander" was rendered, and judgment was entered for the defendant. Thereupon a writ of error was sued out, and the case thus brought to this court will now be decided upon the points submitted in the brief of the plaintiff in error, without referring in detail to the 35 specifications, or pausing to consider the objections which have been urged against some of them.

1. The court below did not exclude portions of the article which was averred to be defamatory from the consideration of the jury. On the contrary, the jurors were told that they should read the whole of it, and the instruction that certain parts clearly did not refer to the plaintiff, and therefore could not be either slanderous or libelous of and concerning it, was correct both in fact and in law. An innuendo cannot alter the plain meaning of common words not shown to have been used or apprehended in a peculiar sense, and as in this instance the designating or descriptive words ruled upon by the learned judge were not equivocal, and there was no evidence from which it could have been reasonably inferred that they were actually intended or understood to apply to the plaintiff, the only question was one of law, and, as we have said, that question was rightfully and properly decided by the court.

2. The objection to the admission of evidence of the significance which the defendant ascribed or meant to ascribe to the term "blood tax" need not be critically examined. It is enough to say of it that the record makes it manifest that even if that evidence might properly have been excluded, yet no substantial wrong was done or injury to the plaintiff occasioned by its admission. The connection in which these words were used shows plainly that they were directed against certain statutory enactments rather than against the plaintiff, who, indeed, was charged with nothing more culpable in this connection than keeping within the letter of the law.

3. The rejection of the offer said by counsel for plaintiff in error to have been made "upon the theory that it tended to indicate the absence of good faith on the part of the defendant in uttering the slander" is now unimportant. Good faith is not a material element in a case such as this, unless, perhaps, as it may affect the measure or quantum of damages, and as the jury found that there had been neither slander nor libel, the subject of damages was not reached.

4. The doctrine at one time prevalent, that a corporation may neither recover nor be made liable for a tort, has long been exploded, and it is now settled that such a body may be injured by defamation, and therefore can maintain an action for either slander or libel. But the hurt which a wrong affecting reputation may do to a corporation is not co-extensive with that which it may inflict upon a natural person, and the legitimate constituents of compensatory damages are not necessarily the same in the one case as in the other. The words complained of by the corporation plaintiff in this instance were not slanderous in the legal sense, unless they manifestly tended to prejudice it in its business, and this for the reason, which the familiar definition of slander supplies, that they did not impute either crime or disease, and their utterance was not shown to have caused any special damage. The specific wrong of libel is of greater scope, inasmuch as any written statement tending to incite to hatred, contempt, or ridicule may constitute it; but as a corporation, from its nature, is incapable of being damaged by written any more than by spoken calumny, otherwise than in or through its business, the practical question under both counts was whether the complaining corporation in the present case had been so damaged, and, as that question was fairly submitted to the jury, the fourth point of the plaintiff in error is without substantial merit.

5. The court below did not err in receiving evidence in justification, because, as is contended, the pleas of justification went only to a part of the matter counted upon as defamatory. It is rightly conceded by the learned counsel who make this point that "the question in any given case is whether the parts are severable," and that question, when raised upon the trial of this case, was, in our opinion, correctly disposed of by the learned judge, who, in deciding it, said:

"I think a plea of justification may justify as to some of the language alleged to have been used, providing it is separable from the language not justified, and I think it is in this case. I think the plea of justification may stand as to the language to which it applies."

The judgment of the Circuit Court is affirmed.