### DISTRIBUTION OF RESIDUE OF ESTATE.

Court of Appeals for Wood County.

JOSEPH A. HOLMES AS EXECUTOR OF THE WILL OF PETER FACKLEMAN, DECEASED, V. HEINRICH FACKLEMAN.

Decided, May 8, 1913.

*Wills—Construction of Devise of Residue Bequeathed to Nephews and Nieces.*

The testator bequeathed the residue of his estate to the children of his two sisters, share and share alike. *Held:* That the division should be made among said children *per capita* and not *per stirpes.*

*Fries, Powel & Smiley,* for plaintiff.
*Benj. F. James,* contra.

KINKADE, P. J.; RICHARDS, J., and CHITTENDEN, J., concur.

Appeal from Court of Common Pleas of Wood County, Ohio.

This was an action in the court of common pleas to secure the construction of the will of Peter Fackleman, deceased. The clause in dispute was paragraph number three of the will which reads as follows:

"Third: I give, devise and bequeath all the residue of my estate after paying my just debts, funeral expenses, and erecting the monument heretofore mentioned to the children of my sisters, Margaret Fackleman and Marion Fackleman, to be equally divided between them share and share alike. If any of the children of my said sisters shall have died leaving children, then

it is my will that the share of the said child or children of my said sisters, Margaret Fackleman and Marion Fackleman, shall be equally divided among the children of such deceased child or children.''

The only portion of this paragraph to which we need give any attention is the first clause.   The two sisters mentioned, Margaret and Marion Fackleman, were dead at the time of the execution of the will.   One of them had nine children living, and the other four.   The sole question is should the estate of the testator be divided into two parts, one half going to the nine children of one sister and the other half to the four children of the other sister, or should the estate be divided into thirteen parts, one thirteenth going to each child.

We are very clearly of the opinion that the latter method of division is the proper one under the clause of the will quoted, and we think this conclusion is fully sustained by the following cases:   *Huston* v. *Crook*, 38 O. S., 328; *Mooney, Guardian*, v. *Purpus, Executor, et al*, 70 O. S., 57; *Hughes et al* v. *Hughes et al*, 82 U. S., 408 (same case in 118 Ky., 751); *McIntyre* v. *McIntyre*, 192 U. S., 116.

We think the authorities cited, to sustain the contention that the estate should be divided into two parts, one of each to go to the children of each sister, are not in accord with the holdings of our own Supreme Court, nor in accord with the language of the United States Supreme Court in the case cited above.

We hold that the estate should be divided into thirteen parts, and passed to the children of Margaret and Marion Fackleman as an entire class, share and share alike as stated in the will, each taking a thirteenth part.