## MITCHELL v. PITTSBURGH, C., C. & St. L. R. CO.*

(Circuit Court of Appeals, Sixth Circuit. July 10, 1926.)

No. 4533.

1. **Appeal and error ⬳1057(2)—Excluding letter from evidence held harmless, in view of counsel's statement of facts shown thereby, in effect conceded by opponent.**

Excluding letter from evidence was harmless, where all matters appearing therein were in effect in evidence as conceded facts by reason of statements of both counsel.

2. **Witnesses ⬳379(2)—Statement of defendant's witness to plaintiff, at time he examined her, contradictory of his testimony as to cause of her condition, held admissible to impeach.**

To impeach witness for defendant railroad, who testified that plaintiff's condition was due to tumor, having nothing to do with accident, plaintiff's testimony that at time of examination witness told her that she had the railroad to thank for her condition was proper.

3. **Appeal and error ⬳1056(4).**

Verdict for defendant necessarily implying finding of no negligence, and plaintiff's testimony as to serious injury not being substantially disputed, exclusion of evidence on amount of damages was harmless.

4. **Appeal and error ⬳1170(1).**

Under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), reversal is not necessary, if record fairly indicates error was not prejudicial.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Action by Charlotte Grimes Mitchell against the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Edward Colston and Benton S. Oppenheimer, both of Cincinnati, Ohio (Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, on the brief), for plaintiff in error.

Gregor B. Moormann, of Cincinnati, Ohio (Maxwell & Ramsey, of Cincinnati, Ohio, on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

*Rehearing denied October 7, 1926.

DENISON, Circuit Judge. Mrs. Mitchell brought suit in the court below to recover for personal injuries suffered in a derailment accident. There was a verdict for defendant. The assignments of error relied upon and needing examination are two. Each rests on the exclusion of evidence offered for the plaintiff.

[1] The main defense on the merits was that a rail broke because of a concealed defect, not discoverable by diligent inspection. A piece of rail, said to be of this one, was produced at the trial, and seemed to indicate that the defect was of this latent character. In advance of the trial, and understanding that defendant had this rail, there was correspondence about it between counsel. Plaintiff's counsel asked for an inspection, and defendant's counsel replied: "I beg to advise that the rail is not in the possession of the Pennsylvania Railroad Company, which is explained by the fact that the derailment occurred during a detour of the Pennsylvania train over the tracks of the B. & O." Upon the trial it appeared that the piece of rail then produced by defendant (which is one of the lines of the Pennsylvania Company), had been continuously in the possession of one of defendant's subordinate operating officials. It also appeared that the statement as to the derailment occurring on the B. & O. tracks was not accurate. Upon the strongly contested issue whether the fragment of rail produced was really part of the one involved in the disaster, this letter was admissible, as tending to throw doubt upon the authenticity of the exhibit, when thus later produced. Whether, in view of the explanations which appeared for the errors of fact contained in the letter, it was of any strong importance on the issue of authenticity, would have been for the jury. If standing by itself, the rejection of this letter and accompanying correspondence would have been error.

The rejection, however, was upon the ground that the substantially pertinent things appearing by the letter were all in evidence as agreed facts, and that the letter and the remainder of the correspondence, reaching to some immaterial details, would only have been confusing. Earlier in the trial plaintiff's counsel had stated that this demand for an inspection of the rail had been made to defendant's counsel, and that defendant's counsel had replied that the rail was not in the possession of the Pennsylvania Company, and that the train at the time was being detoured over the B. & O. This statement was not questioned, and was in effect conceded by

defendant's counsel in the discussion which followed. In this situation of the record there was no prejudicial error in rejecting the letter and accompanying correspondence.

[2] Plaintiff testified that her injuries were at the time rather severe, in the nature of bruises and shock; that she was taken by defendant into a hospital, where she was maintained and treated by defendant for some two weeks, and then went away; but that later the effect of the injuries proved to be serious and permanent. For the defendant, a physician testified that he examined her a few months later, at the request of defendant, and found that her condition was due to a tumor, having nothing to do with the accident. Plaintiff was called for herself in rebuttal, and offered to testify that this physician at the time of the examination told her that she had the railroad to thank for her condition. This offered evidence was excluded. It was proper by way of impeachment, as the necessary foundation had been laid therefor during the cross-examination of the physician.

[3] However, upon this record, the verdict for the defendant necessarily implies a finding that there was no negligence by the defendant. Plaintiff's testimony as to the serious nature of her immediate injuries and her pain and suffering, and that she was put in a hospital and treated by defendant until these injuries were relieved, is not substantially disputed. A verdict by the jury to the effect that she was not hurt at all in the accident would have been so clearly a perverse verdict that we have no right to assume its possibility, in connection with a record where the defense of no negligence was very strong, and, indeed, is now plausibly urged to appear beyond dispute. The only suggestion of any question as to the fact of injury is that one witness, a few hours after the accident, saw Mrs. Mitchell sitting with the other passengers in the station waiting room, wrapped in a blanket, and she then said she was not badly hurt. This did not make substantial conflict, and the plaintiff would have been entitled to a charge that the jury must give her substantial damages, if it found defendant negligent. No error is assigned upon the charge, and it is not in the record. The verdict thus implying a finding of no negligence, any error in rejecting proof bearing upon the amount of plaintiff's damages became nonprejudicial.

[4] It is urged upon us that under the federal rule prejudice is almost conclusively presumed from error. Some of the earlier cases hold strongly in that direction. Since the

amendment in 1919 of section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246), there has been a great relaxation of that rule. Some of the Circuit Courts of Appeals have held that prejudice is no longer presumed from error, but that the burden is on the plaintiff in error to show prejudice. Simpson v. U. S. (C. C. A. 9) 289 F. 188. We have never gone so far in this relaxation, but we have frequently held that, if the record fairly indicates that the error was not prejudicial, a reversal is not necessary. To that rule we adhere in this case. We do not understand that the decision of the Supreme Court in the Rouge River Case, 269 U. S. 411, 421, 46 S. Ct. 144, 70 L. Ed. ——, intends to deny the propriety of applying section 269 in a case where the reviewing court can say that there is no reasonable room to think that the error affected the result. The Supreme Court, upon the facts of the case, thought it sufficiently appeared that the error was probably prejudicial; we do not interpret the opinion as going further.

The judgment must be affirmed.