## STEGER v.. CAMERON.
### No. 7243.

United States Court of Appeals for the District of Columbia.

Decided Nov. 27, 1939.

Lester Wood and Goldie S. Paregol, both of Washington, D. C., for appellant.

Geo. E. Sullivan, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and VINSON, Associate Justices.

VINSON, Associate Justice.

This is an appeal from a judgment of the district court, in favor of the appellee, defendant below, entered in an action for damages for personal injuries sustained in an automobile accident by the appellant, plaintiff below. The parties will be referred to as plaintiff and defendant herein.

It appears from the record that the plaintiff was six years of age at the time of the accident; that he was on his way to Cook School in the city of Washington accompanied by two little girls, each several years older than he; that the school was located on 17th Street, N. W., which necessitated their crossing 16th Street towards the west; that the plaintiff and one of the little girls attempted to cross 16th Street at Fuller Street, and that at a point west of the center line of 16th Street, plaintiff was struck by an automobile driven by defendant which was proceeding south on 16th Street, sustaining the injuries for which the action was brought; that the intersection of 16th and Fuller Streets was not controlled by traffic lights on the morning of the accident, and that no police officer or patrol boy was on duty directing traffic; and, that plaintiff suffered injuries to his head at that time from which he is still suffering.

The record contains numerous assignments of error submitted by plaintiff. These assignments present but three questions for our decision: (1) Did the court err in failing to instruct upon the law of contributory negligence as applied to a six year old child, as requested by prayers offered by plaintiff; (2) did the court err in its charge to the jury in respect of a pedestrian's right of way while crossing a street on a cross-walk

at an intersection not controlled by traffic lights or police officers, and respecting the duties of the driver of vehicles approaching such intersections, and (3) did the court err in not requiring a witness, Dr. Alfaro, to answer certain questions propounded by plaintiff, calling for his expert opinion.

■ First. At the close of all the testimony, and after plaintiff's prayers had been submitted to the court, counsel for the defendant, in open court, withdrew the plea of defendant on contributory negligence. Thereupon, the court charged the jury and gave them the case.

Plaintiff contends that the trial court erred in denying prayers offered by him dealing with the law of contributory negligence where a six year old child is involved. Plaintiff prayed:

"8 (b). The court instructs the jury that the rule of law in regard to the negligence of an adult, and the rule in regard to that of an infant of tender years, is quite different. By the adult there must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. If he fails to give it, his injury is the result of his own folly, and cannot be visited upon another. Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child of three years of age less caution would be required than one of seven, and of a child of seven, less than of one of twelve or fifteen. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case."

"8. (c). The court instructs the jury that it is necessary that it appear from the evidence that plaintiff was in the exercise of ordinary care, before he can recover; but what is ordinary [care] is a question for the jury to determine from all the facts and circumstances in evidence in the case. If you believe from the evidence that the plaintiff was a minor of the age of 6 years at the time he was injured, you have a right to take that fact into consideration in determining whether or not he was exercising ordinary care. The law required of him such care only as could and would reasonably be expected from a child of his age, knowledge and experience, under all the circumstances of the case, that is, the degree of care which he was required to exercise was ordinary care in view of his age, knowledge and experience and all the other facts and circumstances appearing from the evidence."

While these prayers are based upon opinions of the Supreme Court and of this court,[1] they are taken from cases in which the defense of contributory negligence had been interposed. We do not think that the court erred in refusing them in this case.

As we have said, defendant's counsel in open court withdrew defendant's plea of contributory negligence on the part of plaintiff. That left one issue joined—the plaintiff's allegations of negligence on the part of the defendant, and the plea of defendant in denial thereof. It is apparent that the requested prayers required that the plaintiff exercise ordinary care before he could recover; that a lesser degree of caution, discretion, and care is required in a child of tender years than of an adult, or older child; and that the degree of care which he was required to exercise was ordinary care in view of his age, knowledge and experience and all the other facts and circumstances appearing from the evidence. Thus, if these prayers had been admitted, they would have again injected the issue of contributory negligence of the plaintiff into the case. Had there been an issue of contributory negligence in this case, the question would have been presented as to whether or not these prayers should have been given to the jury. But there was no such issue. We will not, academically, pass upon the correctness of the prayers. However, under the situation here, we do express the opinion that their refusal in no way prejudiced the plaintiff.

■ Rather, we are of opinion that the court's charge was more favorable to the plaintiff than the prayers requested. It was based upon the withdrawal of defendant's plea that plaintiff was contributorily negligent and directed to the actual situation presented below. The court instructed the jury that "this plaintiff is an infant a little over six years of age, less than seven years. You may be concerned about his conduct. So I just want to say to you before you conclude your deliberations that

[1] Washington & G. R. Co. v. Gladmon, 82 U.S. 401, 15 Wall. 401, 21 L.Ed. 114; Barstow v. Capital Traction Co., 29 App.D.C. 362, 372.

the law does not deem an infant under seven years of age to have reached that maturity of mind and judgment where he can be accountable for his actions"; that "contributory negligence is not in the case"; that "this plaintiff is of such tender years that the court cannot under the law say to you that any particular duty rests upon him with respect to his own care"; and that "the child is not charged with contributory negligence, and the law does not regard a child of that age as of sufficient maturity to be accountable as it does a person of judgment and discretion." He also instructed that "the sole question, therefore, with respect to negligence is whether or not the driver of the defendant's automobile was negligent in some particular described in the declaration and whether that negligence was the proximate cause of the collision and the plaintiff's injuries"; that "the issue of negligence is solely as to whether or not the driver of this car either did something which was negligence in the eye of the law as I have defined it to you, or failed to do something which may be negligence in the eye of the law under the definition which I have given"; that "of course, it is entirely proper and you must consider all that the child did in relation to the circumstances which together made up the happening that morning. This includes a consideration of the child's age, where he was in the street, what he was doing, what persons were with him, and what such persons were with him were doing, and all of these things must be taken into account with all other circumstances which then attended the happening of the collision at this intersection. *That all must be considered in relation to the question of whether or not the driver was negligent.*", and that "the question for your consideration is whether or not the driver of the car was negligent, and in determining that matter you will take into account everything that has been shown." [Italics supplied.] Thus, we find the court repeatedly excluding contributory negligence as an issue in the case; charging that the infant plaintiff was not accountable for his actions, absolving him from the exercise of any care, and confining the consideration of the jury to one question, namely, the negligence of the driver; and charging that all the facts and circumstances in the case, including the age and conduct of the child, should only be considered by the jury in relation to the question of whether or not the driver was negligent.

Second. The plaintiff next contends that the court's charge was inadequate relative to the law as applied to pedestrians' right of way while crossing a street on a crosswalk at an intersection not controlled by traffic lights or police officers, and the duties of the driver of vehicles approaching such intersections. The pertinent traffic regulations, which give the right of way to a pedestrian and place the duty upon drivers to yield to that right of way, to slow the car, and to keep it under such control as to avoid colliding with pedestrians, were before the jury. The plaintiff offered several prayers relating to this aspect of the case. The charge of the court embodied two prayers offered by plaintiff, which, in substance, embraced the subject matter of those which were refused. The inclusion of these prayers in the charge of the court instructed the jury as a matter of law that the defendant in approaching this intersection must give pedestrians crossing the street at the crosswalk the right of way; and further instructed them as a matter of law that the defendant in approaching this intersection was required to slow down the car and to keep it under such control as to avoid colliding with pedestrians; and that if they found from a preponderance of the evidence that the defendant violated any of these duties he would, as a matter of law, be guilty of negligence. The charge of the court upon this point embraced the theory of plaintiff and was, therefore, adequate.

The testimony in this case is sharply contrasted. The evidence adduced on behalf of the plaintiff tended to show that the driver of the automobile negligently ran him down in the act of crossing the street at a crosswalk. The evidence adduced on behalf of defendant tended to show that the driver of the automobile was in no wise negligent and that the accident could not be avoided. Evidently, by its verdict, the jury accepted the testimony offered in behalf of the defendant that he had not violated the regulations; that he had slowed down; that he had the car under control; that it was not a case where defendant refused to yield the right of way to a pedestrian; and that no negligence was shown on the part of the defendant. The negligence of defendant certainly was a jury question, and, even though, had we been sitting as jurors, we might have an-

swered the question differently, we cannot invade the province of the jury, nor say that the evidence did not support their verdict. We must hold that the instructions properly submitted the question of defendant's negligence to the jury.

 Third. It appears from the record that, during the course of the trial, permission was obtained for an examination of plaintiff by a physician to be employed and paid by the defendant, whose name would be furnished plaintiff. In accordance with this, plaintiff was informed that a Dr. Alfaro had made such examination. Plaintiff, not being certain that defendant would call this doctor, made him a witness. After Dr. Alfaro was sworn and had taken the witness stand, out of the jury's presence, he asked the court whether he could be compelled to testify as a medical expert unless and until arrangements were made to pay him for such expert services by the plaintiff even though defendant had paid or arranged payment for his services. The court answered that he did not have to give his opinion unless arrangements were made by the plaintiff to pay him as such expert, but that he would be required to testify as an ordinary witness as to facts which he found in his examination. To this ruling of the district court an exception was taken. The doctor thereupon testified that his examination disclosed that the hearing of plaintiff's right ear was defective. He was then asked the cause of the defective hearing; next, a hypothetical question, which does not appear in the record; and then, asked the extent and degree of the defective hearing. The court ruled that he did not have to answer the foregoing questions, to which ruling, in each instance, an exception was taken.

Since the record contains no indication of the nature of the hypothetical question or any suggestion as to the response it would have elicited, we are not in a position to determine whether the court erred in ruling that the question need not be answered.

We decline to pass upon the correctness of the court's ruling that the witness need not answer questions concerning the cause and extent of the plaintiff's injury for the reason that error in those rulings, if there was such, did not prejudice the plaintiff sufficiently to warrant reversal of the judgment. The father, mother, teacher and family physician had testified in respect of these matters on behalf of the plaintiff. The defendant offered no evidence on these points. Hence, answers by the witness to the questions involved, at best, would only have given reinforcement where none was needed. Exclusion of additional evidence in such a case is not ordinarily deemed prejudicial error. Moreover, the excluded evidence related to the nature of the injury sustained by the plaintiff, not the manner of injury. The defendant did not contest the allegation that his automobile struck the plaintiff and caused some injury thereto. He contested only the allegation that negligence on his part led to the collision. Hence the jury's determination that no cause of action existed in favor of the plaintiff, i. e., that the defendant was not negligent, renders immaterial evidence concerning the amount of damages that might properly have been awarded had a cause of action been found to exist. Cunningham v. Springer, 204 U.S. 647, 27 S.Ct. 301, 51 L.Ed. 662, 9 Ann.Cas. 897; Mitchell v. Pittsburgh, C. C., & St. L. R. Co., 6 Cir., 13 F.2d 704; Detroit Edison Co. v. Stricker, 6 Cir., 65 F.2d 126; Farbenfabriken of Elberfeld Co. v. Beringer, 3 Cir., 158 F. 802.

The judgment of the district court is affirmed.